STATE EX REL. GREEN, RELATOR, v. DISTRICT COURT OF FOURTH JUDICIAL DIST. IN AND FOR MISSOULA COUNTY, ET AL., RESPONDENTS.

No. 9212.
Submitted June 11, 1952. Decided July 31, 1952.
246 Pac. (2d) 813.

Messrs. Shallenberger & Paddock, Missoula, for relator.

Mr. Robert W. O'Donovan, Missoula, for respondents.

Mr. William F. Shallenberger and Mr. O'Donovan argued orally.

MR. JUSTICE ANGSTMAN:

This is an application for a writ of prohibition.

The facts are these: J. O. Elliott & Son brought action against relator in the respondent court; verdict was returned in favor of Green and judgment in his favor was entered on Jan-

uary 28, 1952; on the same day notice of entry thereof was served on plaintiff in that action; on January 29, 1952, plaintiff in that action filed and served motion for new trial and noticed the same for hearing on February 5, 1952; the motion was based upon insufficiency of the evidence and that the evidence is contrary to the law of the case; there was no claim of newly discovered evidence or of any cause for a new trial requiring affidavits; by agreement of counsel the hearing on the motion for new trial was continued until February 19, 1952; on February 19th the parties argued the motion orally and submitted written briefs; the court entered the following minute entry at the conclusion of the arguments: "Robert W. O'Donovan of counsel for the plaintiff, and William F. Shallenberger of counsel for the defendant, being present in court, plaintiff's motion for a new trial was argued by respective counsel, submitted to the court, and by the court taken under advisement." Nothing further was done in the case until on March 21st when the court made an order which in effect called for further argument of the motion and purporting to continue the hearing on the motion until March 27th; at the time of the hearing relator urged that respondent district court had lost jurisdiction by reason of R. C. M. 1947, sec. 93-5606, and the decision in State ex rel. King v. District Court, 107 Mont. 476, 86 Pac.. (2d) 755, but notwithstanding this fact the court on April 30th made an order granting a new trial unless relator pay a certain sum of money; relator declined to pay this sum or any sum and contends that the order was invalid as in excess of the court's jurisdiction; the court thereafter made an order setting the case for a new trial over relator's objection; this application is to compel the court to set aside its order granting a new trial and the order setting the case for another trial.

R. C. M. 1947, sec. 93-5606, in part provides that the court shall decide the motion for new trial "within fifteen days after the same is submitted. If the court shall fail to decide the motion within said time, the motion shall, at the expiration of said period, be deemed denied." As above noted the motion was sub-

mitted to the court on the 19th day of February 1952. Since more than 15 days elapsed before any further action was taken, the motion was by force of the statute deemed denied and the court had no jurisdiction thereafter to grant the motion or to defeat the purpose of the statute by attempting after the lapse of the 15 day period to continue the hearing on the motion. State ex rel. King v. District Court, 107 Mont. 476, 86 Pac. (2d) 755; State ex rel. Sinko v. District Court, 64 Mont. 181, 208 Pac. 952.

The writ applied for is granted.

MR. CHIEF JUSTICE ADAIR, and ASSOCIATE JUSTICES METCALF, FREEBOURN, and BOTTOMLY, concur.