No. 12403

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

———————

NORMA J. JACKSON,

Plaintiff and Appellant,

-vs-

CHRISTINE T. TINKER,

Defendant and Respondent.

———————

Appeal from:  District Court of the Eighth Judicial District,
Honorable Paul G. Hatfield, Judge presiding.

Counsel of Record:

For Appellant:

Wuerthner & Wuerthner, Great Falls, Montana.
John P. Wuerthner argued, Great Falls, Montana.

For Respondent:

Loble, Picotte, Loble, Pauly and Sternhagen, Helena,
Montana.
Lester H. Loble II argued, Helena, Montana.

———————

Submitted:  December 4, 1972

Decided:   DEC 11 1972

Filed: DEC 11 1972

*Thomas J. Kearney*
Clerk

PER CURIAM:

This matter comes as a petition by appellant, Norma J. Jackson, who was plaintiff in an action in Chouteau County, Cause No. 14022, entitled Jackson v. Tinker. The petition recites that on October 19, 1972, plaintiff filed a notice of appeal in that cause. The appeal was taken from an order of the district court which stated:

> "Hearing having been held upon notice and a special appearance of the Administrator of the Estate of Thelma Lee Saul Carriveau, Deceased, memoranda having been submitted by decedent's estate and defendant herein, plaintiff not having responded and the time for submitting further memoranda otherwise expired;
>
> "Plaintiff having failed to respond to the orders of the Court dated August 17, 1971, and April 12, 1972 requiring plaintiff join an indispensable party and to file a memorandum; and it appearing to the Court that service on the guardianship estate of Thelma Lee Saul Carriveau, now deceased, has not been completed and said party is necessary for a just adjudication of plaintiff's claim, and that the action should not proceed among the parties before the Court but rather be dismissed, the absent party being indispensable; and it appearing further that since more than eight years have expired since plaintiff's claim arose, a joinder of said indispensable party and prosecution of the action is therefore barred by the statute of limitations; and the Court having considered the matter, the memoranda submitted by counsel and the record of the proceedings herein, and being fully advised in the premises,
>
> "IT IS HEREBY ORDERED that said cause is dismissed for failure to join an indispensable party; and it is further ordered that said dismissal be with prejudice by reason of the expiration of the applicable statute of limitations against said absent party. This Order is a final determination of all matters before the Court in this case.
>
> "DATED this 24th day of August, 1972.
>
> "PAUL G. HATFIELD
> "DISTRICT JUDGE"

A notice of entry of judgment dated August 28, 1972, was filed. This notice was filed and served by mail and was received by counsel for appellant, petitioner here, on August 30, 1972. Counsel for appellant states that a copy of the order recited in the notice was not attached. The notice reads:

"NOTICE OF ENTRY OF JUDGMENT

"TO: THE PLAINTIFF, NORMA J. JACKSON, and to her attorney, JOHN P. WUERTHNER

"You and each of you will please take notice, and you, and each of you, are hereby notified, that on the 24th day of August, 1972, Judgment was entered in the above-entitled cause in favor of the defendant and against the plaintiff, in accordance with the order of that date signed by Paul G. Hatfield, the District Judge presiding in this case and that a copy of said order adjudging a dismissal of the case with prejudice is hereto attached and herewith served upon you.

"DATED this 28th day of August, 1972.

"LOBLE, PICOTTE, LOBLE, PAULY & STERNHAGEN".

It appears on the face of the records here that the notice of appeal filed on October 19, 1972, was not timely, being some six weeks after notice of entry of judgment.

The purpose of the petition here is to seek a declaration by this Court that the time for taking an appeal from the order and judgment of dismissal did not begin to run because the copy of the order was not attached to the notice as recited therein.

Upon receipt of the petition, this Court made an order setting the matter for argument. Oral argument was had on December 4, 1972. The Court does not have the original district court file but does have copies of the documents, as attached exhibits.

The position of respondent, Christine T. Tinker, is that the notice of entry of judgment quoted above, with or without attachment, is adequate and started the time running; and thus the appeal was not timely and should be dismissed.

Rule 77(d), M.R.Civ.P., reads:

"(d) NOTICE OF ENTRY OF JUDGMENT SERVED. Within 10 days after entry of judgment in an action in which an appearance has been made, notice of such entry, together with a copy of such judgment or a general description of the nature and amount of relief and damages thereby granted, shall be served by the prevailing party upon the adverse party." (Emphasis supplied).

- 3 -

The notice of entry of judgment heretofore quoted in full, states in part:

"* * *Judgment was entered in the above-entitled cause in favor of the defendant and against the plaintiff, * * * and * * * a copy of said order adjudging a dismissal of the case with prejudice is hereby attached  * * *".(Emphasis supplied)

Under Rule 77(d), M.R.Civ.P., it is not necessary to serve a copy of the judgment upon the adverse party. It is only necessary to serve a "general description of the nature and amount of relief and damages thereby granted." Judge Hatfield dismissed the case with prejudice. The notice of entry of judgment stated that Judge Hatfield dismissed the case with prejudice. This is sufficient under Rule 77(d), M.R.Civ.P.

Time for filing notice of appeal is thirty days. Rule 5, M.R.App.Civ.P. Under certain circumstances (excusable neglect) the district court may extend the time for filing the notice of appeal for a period not to exceed thirty days, from the expiration of the original time prescribed by Rule 5, M.R.App.Civ.P.

Here, no such extension was granted, although there was an order signed on October 26, 1972, granting counsel for appellant until November 10, 1972, within which "to effect the composition of the record on appeal." This was not an application under Rule 5, M.R.App.Civ.P., nor was it made upon excusable neglect, nor did it concern the time for filing of appeal. It simply was an order regarding the composition of the record on appeal and presumably was made pursuant to the authority of the district court to extend time to transmit the record under Rule 10(c), M.R.App.Civ.P.

Inasmuch as the notice of appeal was not filed for some six weeks following the notice of entry of judgment, it was not timely. Accordingly, the appeal was not timely made.


Justice Gene B. Daly, deeming himself disqualified, took no part in this Opinion.