No. 12282

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

_____

HAROLD H. LEITHEISER,

               Claimant and Respondent,

-vs-

MONTANA STATE PRISON,

               Employer,

    and

INDUSTRIAL ACCIDENT BOARD,

               Defendant and Appellant.

_____

Appeal from:  District Court of the Third Judicial District,
            Honorable Sid G. Stewart, Judge presiding.

Counsel of Record:

    For Appellant:

        Harris, Jackson and Utick, Helena, Montana.
        Andrew J. Utick argued, Helena, Montana.
        Hon. Robert L. Woodahl, Attorney General, Helena,
        Montana.

    For Respondent:

        Jardine, Stephenson, Blewett & Weaver, Great Falls,
        Montana.
        Jack L. Lewis argued, Great Falls, Montana.

_____

                      Submitted:  December 1, 1972

                      Decided: FEB 7 - 1973

Filed: FEB 7 - 1973

_Thomas J. Kearney_
                        Clerk

PER CURIAM:

In this cause a motion to dismiss the appeal was filed by respondent on the ground that appellants failed to perfect their appeal within the time permitted by statute.

The record discloses: On February 3, 1972, the district court of Powell County entered judgment in favor of the claimant and respondent, Harold H. Leitheiser, reversing an order denying compensation by the Industrial Accident Board. On February 7, 1972, notice of entry of judgment was mailed to counsel for defendants and appellants, Montana State Prison and the Industrial Accident Board (hereinafter called appellants). On February 7, 1972, appellants filed exceptions to the district court's findings of fact and conclusions of law. On February 8, 1972, appellants mailed a motion for a new trial to the opposing attorneys and to the district court, which motion was filed on February 9, 1972. Under Rule 5(b), M. R.Civ.P., the service of the motion for a new trial was complete upon mailing. The motion for a new trial did not contain a notice of hearing and no hearing was held. On March 2, 1972, the district court clerk mailed a notice to appellants that their motion for a new trial was denied. On April 20, 1972, appellants mailed notice of appeal to the district court for filing. This notice of appeal was received and filed by the district court clerk on April 21, 1972.

The briefs of the litigants indicate a conflict in their interpretation and application of the Montana Rules of Appellate Civil Procedure. We will therefore discuss briefly the pertinent code provisions and precedent applicable in this case.

Rule 4(a), M.R.App.Civ.P., provides:

"(a) FILING THE NOTICE OF APPEAL. An appeal shall be taken by filing a notice of appeal in the district court. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the supreme court deems appropriate, which may include dismissal of the appeal."

The final sentence of Rule 4(a), M.R.App.Civ.P., is identical to a provision of Rule 3(a) of the Federal Rules of Appellate Procedure. 9 Moore's Federal Practice § 203.10, summarizes the application given this provision. It states in part:

> "The notice of appeal is filed with the clerk when it is received into his custody and control. Since timely filing of the notice is held to be essential to the jurisdiction of the court of appeals, the precise time that the notice was filed can be of overwhelming importance."

9 Moore's Federal Practice § 204.02, states in part:

> "Discussion of the time for appeal must begin by directing attention to a host of cases holding with unanimity that unless an appeal is timely taken the reviewing court lacks jurisdiction to hear it. Although that holding is not as logically compelling as it once was, the necessity for providing a precisely ascertainable point of time at which litigation comes to an end strongly militates against its overthrow. As the Committee Note accompanying Rule 3 admonishes:
>
> "'Rule 3 and Rule 4 combine to require that a notice of appeal be filed with the clerk of the district court within the time prescribed for taking an appeal. Because the timely filing of a notice of appeal is "mandatory and jurisdictional", United States v. Robinson, 361 U.S. 220,224 (1960), compliance with the provisions of those rules is of the utmost importance.'"

This application of the filing rule has been followed consistently by this Court. State v. Wibaux County Bank, 85 Mont. 532, 281 P.341; Reid v. District Court, 126 Mont. 489, 255 P.2d 693; McVay v. McVay, 128 Mont. 31, 270 P.2d 393; Jackson v. Tinker, _____Mont._____, _____P.2d_____, 29 St.Rep. 1070.

We therefore find it is well established in this state that failure to comply with the filing rule on appeal creates a jurisdictional defect which this Court will alter only on most extenuating circumstances, which do not appear here. Appellants here, from their brief, appear to be in agreement with our holdings as to the jurisdictional nature of the appellate filing requirement. Their contention involves the application of Rule 5, M.R. App. Civ. P., in light of Rule 59(d), M.R.Civ.P., in arriving at a determination of:

(1) How many days did the appellants have within which to file?

(2) When did this time period begin to run and, consequently, when did it expire?

Rule 59(d), M.R.Civ.P., is essentially a reenactment of former section 93-5606, R.C.M. 1947, with a change from fifteen days to ten days in the self-executing provision for denial of post judgment motions. In pertinent part, Rule 59(d) provides:

> "If the motion is not noticed up for hearing and no hearing is held thereon, it shall be deemed denied as of the expiration of the period of time [10 days] within which hearing is required to be held under this Rule 59."

In the instant case the motion for a new trial was served on February 8, 1972. That motion did not contain a notice of hearing, and no hearing was held. Under Rule 59(d), M.R.Civ.P., this motion for a new trial was automatically denied ten days after service on February 18, 1972. State ex rel. Sinko v. District Court, 64 Mont. 181, 208 P. 952; State ex rel. King v. District Court, 107 Mont. 476, 86 P.2d 755; Gilreath v. District Court, 127 Mont. 431, 265 P.2d 651; Green v. District Court, 126 Mont. 176, 246 P.2d 813. The fact that the district court clerk mailed a letter dated March 2, 1972, which stated:

> "Pleased (sic) be advised that the Court on this date denied the Motion for New Trial filed by you on February 9, 1972."

is of no legal effect. The district court was without jurisdiction to grant or deny a motion for a new trial on March 2, 1972. By operation of the self-executing provision of Rule 59(d), M.R.Civ.P., the motion for a new trial was "deemed denied" ("deemed" in this construction has been held to be synonymous with "considered", "determined", or "adjudged") on Febuary 18, 1972.

The time in which notice of appeal must be filed with the district court is set forth in Rule 5, M.R.App.Civ.P. When the appealing party is an agency of the state of Montana, as are appellants here, sixty days from service of notice of entry of judgment are allowed in which to file. This rule also makes provision

for suspension of the running of the sixty day filing time in the event of filing of various enumerated post judgment motions. Concerning the suspension of filing time, Rule 5, M.R.App.Civ.P., provides in pertinent part:

> "The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the district court by any party pursuant to the Montana Rules of Civil Procedure hereafter enumerated in this sentence, and the full time for appeal fixed by this rule commences to run and is to be computed from mailing by the clerk of notice of the entry of any of the following orders made upon a timely motion under such rules: * * * (4) denying a motion for a new trial under Rule 59."

Under appellants' proposed interpretation of this rule their sixty day allotted period in which to file an appeal was suspended by their motion for a new trial and did not commence to run again until March 3, 1972, the day they received the letter from the clerk of the district court, rather than on February 19, 1972, the day after their motion for a new trial was deemed denied under the self-executing provision of Rule 59(d), M.R.Civ.P. Appellants' interpretation is not correct.

Appellants' misconstruction of Rule 5, M.R.App.Civ.P., apparently results from a failure to take into account the interacting and applicable provisions of Rule 59, M.R.Civ.P. The reference in Rule 5, M.R.App.Civ.P., to the time being "computed from mailing by the clerk of notice" applies in cases wherein the court holds a hearing on a motion or acts on a motion prior to the ten day self-executing denial provision of Rule 59(d), M.R.Civ.P. However, once the self-executing denial of a motion under Rule 59(d) becomes effective, any subsequent order by the district court concerning that motion is outside the district court's jurisdiction and, consequently, null, void, and without effect.

Appellants' proposed construction of Rule 5, M.R.App.Civ. P., would result in an untenable situation wherein it would be possible for an unlimited extension of the time for appeal. District courts would be placed in the position of being required to

issue orders concerning motions over which they no longer had jurisdiction and which were already denied. Judgments of the district courts would not become final and would be subject to appeal until sixty days after such time, if ever, the district court issued such a null, void, and extrajurisdictional order. This would be contrary to the effect and operation of Rule 59, M.R.Civ.P., and Rule 5, M.R.App.Civ.P., and Montana precedent.

Accordingly, we hold appellants' time for filing this appeal commenced running as of February 18, 1972, and expired sixty days thereafter, on April 18, 1972. It is regrettable that this Court must impose this rule in a case involving so narrow a time margin; however, an exception for one would ultimately become an exception for all, and an exception of one day would ultimately become an exception indefinitely.

This appeal was not timely taken and is dismissed.