MR. JUSTICE SHEEHY
concurring and dissenting:
I concur in the affirmance of the judgment of the District Court. I dissent respectfully from the remand for reconsideration of the Rule 60 motions.
Principally, I see no reason to hold the District Court in error where the problems surrounding the Rule 60 motions *430 were created through the disregard by Aetna’s counsel of the rudimentary rules of civil procedure in post-trial proceedings, as governed by the Montana practice.
It is correctly stated in the majority opinion that once Aetna’s counsel failed to notice up his Rule 59 motions for new trial or amendment of judgment within 10 days (Rule 59(d)) the “court could not consider the matter further.” The reason is set out in our earlier case of Leitheiser v. Montana State Prison (1973), 161 Mont. 343, 348, 505 P.2d 1203, 1206, where we said:
“The district court was without jurisdiction to grant or deny a motion for a new trial on March 2,1972. By operation of the self-executing provision of Rule 59(d), M.R.Civ.P., the motion for a new trial was ‘deemed denied’ (‘deemed’ in this construction has been held to be synonymous with ‘considered’, ‘determined’, or ‘adjudged’) on February 18, 1972.”
And further:
“. . . However, once the self-executing denial of a motion under Rule 59(d) becomes effective, any subsequent order by the district court concerning that motion is outside the district court’s jurisdiction and, consequently, null, void, and without effect.” 161 Mont. at 348.
The majority opinion ignores, however, the provision of Rule 60(c) that is equally as mandatory and compelling as Rule 59(d). Rule 60(c) provides:
“Rule 60(c). Time for hearing and determining motions. Motions provided by subdivisions (a) and (b) of this rule shall be heard and determined within the times provided by Rule 59 in the case of motions for new trials and amendment of judgment.”
The overbearing force of Rule 60(c) which is unique to Montana rules (there is no federal counterpart in Rule 60, F.R.Civ.P.) is that motions under Rule 60, such as this case features, are subject to the same limitations under our practice as motions under Rule 59 (there is no federal counterpart to the notice and hearing provisions in our Rule 59, in Rule 59, F.R.Civ.P.). Since this is true, the District Court here properly decided under Leitheiser that it had lost jurisdiction to hear *431 the first Rule 60(b) motion filed by Aetna’s counsel. The first motion was “deemed denied,” and so the motion had been “determined” in the legal sense.
Time and again, in opinions, in seminars, in speeches by members of this Court before meetings of the State Bar, we have stressed the jurisdictional traps that lie in the post-trial motions, and have urged counsel practicing in the trial courts of this state to know and observe the same. It was not any act, bent or proclivity of the district judge that created Aetna’s problem about its Rule 60(b) motion. It was the failure of Aetna’s counsel to follow the plain provisions of Rules 59 and 60.1 am unable to explain to Leitheiser, to Armstrong v. High Crest Oil, Inc. (c.f. 164 Mont. 187, 196, 520 P.2d 1081,1086), to Marvel Brute Steel Bldg. v. Bass (1980), c.f. Mont., 616 P.2d 380, 382, 37 St. Rep. 1670), and to a host of other litigants why Rule 59 deprived their district courts of jurisdiction to act, but Rule 60 does not operate in the same way here. I find no satisfactory explanation in the majority opinion.
In a recent newspaper poll among the state bar members, we learned that the divagations of this Court from established precedent raised a problem for state lawyers. They reported that every District Court decision should be appealed to avoid malpractice claims, because the loser in the District Court may benefit from the planetary decisions of this Court. We have here, perhaps, an example.
The majority opinion does not distinguish between the first Rule 60(b) motion of Aetna’s counsel and the second Rule 60(b) motion, again filed before final judgment, that the District Court labelled a “bootstrap motion”.
The second Rule 60 motion was filed by Aetna’s counsel on December 12, 1980. It is not a motion addressed to the judgment, final or partial. It is titled “Rule 60 Motion for Relief from Final Order or Proceeding.” It moves the District Court for an order “relieving the defendant, Aetna Casualty Company, from its omission to notice the hearing of defendant’s consolidated motions for a new trial, to alter or amend judgment and for relief from the court’s findings of fact, conclusions of law, and judgment, and other motions filed on *432 November 17, 1980, within ten (10) days after the motion had been served . . .” upon the grounds that Aetna’s counsel had failed to notice the motions due to “mistake, inadvertence, excusable neglect or for other reasons justifying relief or through an error arising from oversight or omission.”
The second Rule 60 motion depends entirely upon the omission of Aetna’s counsel to notice up his post-trial motions for hearing. His affidavit in support does not constitute a sufficient excuse, in my judgment, to support the grant of his motion. (I will advert to his affidavit later). It is insufficient in view of the numerous cases that have come out of this Court that place a strict duty on counsel to follow the notice and hearing provisions of Rule 59. No diligent counsel should now be able to claim he was unaware of the required procedures. Diligence is required of counsel in the representation of clients.
The second Rule 60 motion asked the District Court to do something it was powerless to do under our decisions. The court could not resurrect the Rule 59 or 60 motions which were dead, functus officio. The District Court had lost jurisdiction. Worse, now this Court has opened a way to undermine the whole structure of our earlier decisions regarding Rule 59 or 60 motions which are “deemed denied.” So a lawyer in the future does fail to notice up or procure a hearing within 10 days of his Rule 59 or 60 motions. No matter, he can now file another motion under Rule 60, saying he forgot, or didn’t know. He has a viable motion under this majority opinion.
In addition, the majority has succeeded in circumventing Rule 6(b) of the Montana Rules of Civil Procedure, which provides that a court may not extend the time for taking action under Rule 60, except to the extent and under the conditions stated in the rule.
Be that as it may, the bootstrap Rule 60(b) motion should be denied as a matter of law, assuming it was otherwise timely. Its basis is the claimed excusable neglect of Aetna’s counsel. His affidavit in support of his bootstrap motion recites that at the time he fashioned the first motions, he was heavily *433 burdened with other matters, including the responsibility for 150 files in active litigation, numerous pieces of correspondence, preparing and filing a reply brief on behalf of the state in United States v. Montana then on appeal in the United States Supreme Court, and a necessary trip to Washington, D.C. in connection with that case; and “numerous other matters which precluded his giving this matter the attention that it deserved.” In Link v. Wabash Railroad Co. (1962), 370 U.S. 626, 633-634, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 740, the high court imputed the neglect of the attorney to the party and refused Rule 60 relief because of counsel’s unexcused conduct. The court declared that since the client voluntarily chose the attorney as his representative in the action, the party could not avoid the consequences of the acts and omissions of his freely selected agent. In Schwarz v. United States (2nd Cir. 1967), 384 F.2d 833, 836, the court of appeals upheld the denial of a motion for relief where the attorney failed to prosecute his client’s case, occasioned by the fact that the attorney had undertaken to handle more cases than he could manage and had neglected plaintiffs case. In Kostenbauder v. Secretary of H.E.W. (D.C.M.D.Pa.1976), 71 F.R.D. 449, 21 F.R.Serv.2d 1186, relief from summary judgment was denied where the previous attorney failed to file opposition briefs, and it was claimed that the attorney was running for political office, had a large caseload and had lost a key employee. In essence, the courts are saying that a large and busy practice is the norm for trial attorneys and that such a business does not justify relief from ordinary neglect.
In his affidavit supporting his bootstrap motion, Aetna’s counsel does not accuse himself of gross negligence. If he could state gross negligence, perhaps his case would come under Rule 60(bX6), the residual clause of that rule. Clause 60(bXl), covers excusable neglect; presumably clause 60(bX6) covers inexcusable negligence, since the provisions of clause (bXl) and (bX6) are mutually exclusive. Since Aetna’s counsel did not claim gross negligence, he cannot rely upon clause (bX6).
It should be remembered that through all of this litigation, Aetna has been represented by two independent law firms, *434 each respectively looking out for the interests of Aetna as against Donald Bennett and all of the plaintiffs. One law firm represented defendant M. D. O’Connell and Aetna Casualty Company where their interest coincided (Aetna claimed to have an indemnity right against M. D. O’Connell for any losses sustained in this litigation). A separate law firm represented Aetna as a defendant against all of the plaintiffs, against defendant Donald Bennett, and also against M.D. O’Connell on the indemnity cross- claim. As to the issues involved here in the successful cross-claim of Donald Bennett, the interests of these two law firms coincided in their representation of Aetna. Each made Rule 59 motions. Each failed to notice up or to procure a hearing within the ten day period required by Rule 59(d).
The majority opinion purports to have found an escape hatch as to the first Rule 60 motion of Aetna, the one based on the illness of its attorney. The judgment for Bennett, the majority conclude, was not final until the award of attorneys fees was decided by the District Court on December 22, 1980. On this basis, the majority resurrect the first Rule 60 motion and send it back for reconsideration. Again the majority ignore the provisions of Rule 60(c), which provide that motions under the rule “shall be heard and determined within the times provided by Rule 59.” The majority concede that motions under Rule 59 may be made prior to final judgment. They apparently see no illogic in holding that under Rule 59 a motion for relief from a prejudgment order can be taken by a party while denying that same procedure under Rule 60.
The contention that the November 6, 1980 judgment of the District Court was not final was an afterthought by Aetna’s counsel. It was never raised in the pretrial motions or on the arguments thereon until after counsel for the successful parties moved the court to fix attorneys fees. Then a light turned on, and there came a flurry of new motions for reconsideration under Rules 59 and 60 on the grounds that the earlier motions, which they had filed, were “premature”. Having once proceeded undiligently to deprive the District Court of jurisdiction to hear their Rule 60 motion after the judgment became *435 final on December 22, 1980. (The court gave oral notice of its attorneys fees decision on December 17, 1980, but the order was not entered and served until December 22, 1980.)
On December 22,1980, one of Aetna’s law firms filed a “conditional notice of appeal by Aetna Casualty and Surety Company, from the judgment entered on November 6, 1980, the summary denial of their motions for new trial or to amend the findings of fact and conclusions of law dated November 28, 1980, and the court’s awarding attorney fees on December 17, 1980.”
On December 24,1980, the other of Aetna’s law firms filed a conditional notice of appeal on behalf of Aetna Casualty and Surety Company, from the judgment of November 6, 1980, and supplemented by its award of attorney fees on December 17, 1980, on the ground that it wanted “to insure that its rights on appeal had been preserved and perfected” in the event that the Supreme Court determined that November 6, 1980 was indeed the date of the final judgment.
On December 26,1980, the counsel who had filed the second conditional notice of appeal, having found that he had not referred to the denial of the post-trial motions in that notice, filed an “amended conditional notice of appeal” from the judgment entered on November 6, 1980, supplemented by the award of attorneys fees on December 17,1980, and the court orders denying their motions filed pursuant to Rules 52, 59 and 60. Again the notice stated that it was conditional upon whether this date was indeed the date of final judgment but that Aetna wanted “to insure that its rights on appeal had been preserved and perfected.”
Each law firm subsequently filed, on January 5 and January 9, 1981, ordinary unconditional notices of appeal.
The “conditional” notices of appeal which were filed by Aetna prevented the District Court from considering further the Rule 60 motion based on the illness of the attorney after the judgment became final on December 22,1980. There is no such animal in our procedure as a “conditional” notice of appeal. Either the District Court has jurisdiction of the cause or the Supreme Court has jurisdiction of the cause. Jurisdiction *436 transfers to the Supreme Court from a District Court upon the filing of a notice of appeal, and thereafter the District Court is powerless to take any substantive action with respect to the cause. Churchhill v. Holly Sugar Corp. (1981), Mont., 629 P.2d 758, 760, 38 St.Rep. 860; State Etc. v. District Court, Etc. (1980), Mont. 614 P.2d 1050, 1051-52, 37 St.Rep. 1278; Northern Plains, Etc. v. Bd. of H. & Envir. Sciences (1979), Mont., 603 P.2d 684, 688, 36 St.Rep. 2174; McCormick v. McCormick (1975), 168 Mont. 136, 138, 541 P.2d 765, 766.
The “condition” laid down in the conditional notices of appeal, that is whether the right of Aetna to consideration of its Rules 59 and 60 motions depended on whether the judgment was final on November 8,1980, is no condition at all. Aetna’s counsel had misread the law. They had lost the right to any consideration of the Rules 59 and 60 motions by virtue of the time and notice provisions of Rules 59(d) and 60(c). The bootstrap motion under Rule 60 was insufficient on its face. The intention of Aetna that the “conditional” notices of appeal perfected and preserved its rights in this Court is manifested from the instruments themselves. The majority opinion ignores this manifest intention.
An appeal is taken by filing a notice of appeal in the district court (Rule 4(a), M.R.App.Civ.P.). It must specify the party or parties taking the appeal, and designate the judgment or order appealed from. (Rule 4(c), M.R.App.Civ.P.) And finally, by filing the “conditional” notices in compliance with the rules, Aetna fulfilled its desire “to insure that its rights on appeal have been preserved and perfected.” A notice of appeal is just that, a notice of appeal. Any other label attached to it is unimportant. The District Court from which the appeal had been taken was divested of jurisdiction under our case law.
Before we leave this matter finally, it should be noted that the District Court was not entirely out in left field in stating that under Montana law, attorneys fees are a matter of cost and not of special damages recoverable in the main action.
In Kintner v. Harr (1965), 146 Mont. 461, 480, 408 P.2d 487, 498, this Court states broadly that counsel fees are not “reasonable and necessary expenses as are taxable according *437 to the course and practice of the court.” (See section 25-10-201(9), MCA.) Yet we have never overruled Bovee v. Helland (1916), 52 Mont. 151, 155, 156 P. 416, 417, to the effect that if the parties by contract or stipulation intend that attorneys fees are to be paid to the prevailing party as part of the costs or “in addition to other costs,” then such attorneys fees shall be assessed by the court as a part of the costs. In other words, under Bovee, the judgment is final before the costs are assessed, and the amount of costs to be awarded is not intrinsic to the finality of the judgment. (Such fees can be attacked in the manner provided for objections to items of costs. Section 25-10-502, MCA.)
In this case, the language of the security agreement that gives right to attorneys fees for the successful parties is “The obligee shall not be liable for the payment of any costs or expenses of any such suit.”
The problem of whether attorneys fees are costs or a part of the judgment depends, in my opinion, on whether they are of the nature of special damages recoverable upon pleadings and proof or part of the incidental expenses of suit. This seems to be the tenor of Bovee, supra. It is not an easy question to decide. It is certainly vexing the federal courts. See White v. New Hampshire Dept. of Empl. §, U.S., 102 S.Ct. 1162, 71 L.Ed.2d 325.
For the reasons foregoing, therefore, I would affirm the District Court judgment.
MR. JUSTICE DALY concurs.