No. 82-96

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

TOM FIELDS,

        Plaintiff and Appellant,

  -vs-

SUMMIT ENGINEERING,

        Defendant and Respondent.

---

Appeal from: District Court of the Eighteenth Judicial District,
In and for the County of Gallatin, The Honorable
W. W. Lessley, Judge presiding.

Counsel of Record:

    For Appellant:

        Tom Fields, Pro Se, Helena, Montana

    For Respondent:

        Mark A. Bryan, Bozeman, Montana

---

Submitted on Briefs: September 30, 1982

Decided: November 9, 1982

Filed: NOV 9 - 1982

*Thomas J. Kearney*

Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

This is an appeal from a judgment issued by the District Court of the Eighteenth Judicial District, Gallatin County, denying appellant's claim for engineering notes and other documents which he compiled while working for respondent and claimed were part of his personal file.

Tom Fields, appellant, was employed by respondent, Summit Engineering, to write technical manuals based on notes he had taken on various electrical projects. Fields claims that some of these notes were made for his educational purposes during overtime and are therefore his personal property.

Summit Engineering claims that all of the work done by Fields is its property, in that it is confidential and covered by an "Invention and Disclosure Agreement" signed by Fields.

On July 23, 1981, Fields commenced this action for the return of the materials. On November 6, 1981, notice of entry of judgment was duly served upon both parties. On November 20, 1981, Fields filed a motion to amend the findings of the court. Fields failed to file a notice of hearing on the motion to amend the findings of the District Court. A hearing on his motion was held February 1, 1982, and the court denied these amendments on February 2, 1982. On February 9, 1982, Fields filed his notice of appeal to this Court.

On the record, Fields raises several issues, including whether the notes and materials collected by Fields during overtime are the property of Summit, whether Fields should be compensated for overtime work and whether there is substantial

-2-

evidence to support the District Court's judgment.

However, the dispositive issue is whether the appeal is timely.

Rule 59(d), M.R.Civ.P., states in part:

"If the motion is not noticed up for hearing and no hearing is held thereon, it shall be deemed denied as of the expiration of the period of time within which hearing is required to be held under this Rule 59."

Rule 59 also provides that:

"A hearing on the motion shall be had within 10 days after it has been served . . ."

In the present case, Fields did not file a notice of hearing on the motion to amend the findings of the District Court. Therefore, his time to appeal began to run on November 30, 1981, ten days after he filed his motion. Rule 5, M.R.App.P. His time to file his appeal ended on December 30, 1981, and his notice of appeal was not filed until February 12, 1982.

This Court does not have jurisdiction and therefore cannot reach the merits of his appeal since it was not filed within the time provided by the rules. Winn v. Winn (1982), ___ Mont. ___, ___ P.2d ___, 39 St.Rep. 1831; Malinak v. Safeco Ins. Co. (Decided November 9, 1982) No. 81-196; Leitheiser v. Montana State Prison (1973), 161 Mont. 343, 505 P.2d 1203.

The appeal is dismissed.

John G. Shechy
_____
Justice

-3-

We Concur:

_____
Chief Justice

_____


_____


_____
Justices