No. 85-296

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

MORTENSEN CONSTRUCTION CO., and
GLEN A. MORTENSEN, its President,

Plaintiffs and Respondents,

-vs-

BURLINGTON NORTHERN, INC.,

Defendant and Appellant.

---

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John McCarvel, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Thomas Spence argued, BN Railroad Co., Billings,
Montana

For Respondent:

Larry Johnson; James Gray & McCafferty, Great Falls,
Montana
Patrick Sullivan argued; Winston & Cashatt, Spokane,
Washington

---

Submitted: September 27, 1985

Decided: November 6, 1985

Filed: NOV 6 - 1985

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant Burlington Northern, Inc., appeals the January 28, 1985, judgment in favor of plaintiff Mortensen Construction Company. Plaintiff's motion to dismiss the appeal as untimely is granted.

On January 28, 1985, judgment was entered in favor of Mortensen Construction Co. (Mortensen) and notice of entry of judgment was mailed to Burlington Northern, Inc. (BN). BN timely filed a motion for judgment notwithstanding the verdict and motion for new trial on February 8, 1985. Prior to filing these motions, BN requested the court reporter to provide a transcript of the proceedings. Due to a backlog of work, and the court reporter's hospitalization, no portions of the transcript were provided to BN until May 8, 1985.

No ruling was made on the motions, so on March 25, 1985, both motions were deemed denied pursuant to Rule 59(d), M.R.Civ.P. No entry of the deemed denials was made in the court record, nor was notice of such sent to BN. The 30-day time limit on appeals commenced on March 25, 1985, and expired on April 24, 1985. Thereafter, BN counsel filed an affidavit on May 9, 1985, informing the District Court he would amend the motions once he received the entire transcript of the proceedings.

On May 27, 1985, Mortensen sent a letter to BN demanding payment of the judgment. On May 30, 1985, BN filed a motion for stay of proceedings to enforce judgment. A hearing was held before the District Court on June 3, 1985, which granted the stay of execution, yet asserted it no longer had jurisdiction over the case. BN filed its notice of appeal on June 3, 1985. Mortensen responded with a motion to dismiss appeal and motion for award of damages, filed June 18, 1985.

2

The issues we address are: 1) whether BN's appeal is timely; and 2) whether Mortensen should be awarded damages and cost of this appeal pursuant to Rule 32, M.R.App.Civ.P.

BN argues that Rule 5, M.R.App.Civ.P. entitled it to receive notice of the deemed denial of its motions. Rule 5, M.R.App.Civ.P. provides, in part, that a timely Rule 50(b) or Rule 59 motion suspends the running of time for appeal until an order is entered upon the motion and the clerk has mailed notice of such entry.

In making this argument, BN ignores the past decisions of this Court that Rule 59(d), M.R.Civ.P. invokes a mandatory time limit. Fields v. Summit Engineering (Mont. 1982), 653 P.2d 1204, 39 St.Rep. 2057; Sell v. Sell (Mont. 1981), 630 P.2d 222, 38 St.Rep. 956; Leitheiser v. Montana State Prison (1973), 161 Mont. 343, 505 P.2d 1203. The notice provision of Rule 5, M.R.App.Civ.P. applies to orders upon motions, not deemed denials. Rule 59(d), M.R.Civ.P., as amended, effective October 9, 1984, clearly provides that a post-trial motion is deemed denied 45 days after its filing if it has not been ruled upon. We find BN's reading of the Rules to be incorrect, and dismiss the appeal as untimely.

Mortensen asserts it is entitled to damages and cost of this appeal, pursuant to Rule 32, M.App.R.Civ.P. We do not agree. The test for granting damages under Rule 32, M.App.R.Civ.P. is whether there are substantial and reasonable grounds for appeal, and whether the appeal was taken merely for delay purposes.

BN's appeal advances a reasonable interpretation of the relationship between Rule 59(d), M.R.Civ.P. and Rule 5, M.App.R.Civ.P. While the same argument has been previously rejected by this Court, see Leitheiser, supra, Rule 59(d), M.R.Civ.P. has since been amended, and Rule 5, M.App.R.Civ.P.

may be amended in the near future for its lack of clarity. We do not find BN's appeal to be frivolous, and deny Mortensen's motion for damages pursuant to Rule 32, M.App.R.Civ.P.

Justice

We concur:

Chief Justice

Justices