No. 88-255

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

WAYNE EASLEY,

　　　　　　　Plaintiff and Appellant,

　　-vs-

BURLINGTON NORTHERN RAILROAD, J.P. SMITH,
INDIVIDUALLY, JOHN CATTLE, INDIVIDUALLY,
and DOES I THROUGH XX,

　　　　　　　Defendants and Respondents.

APPEAL FROM:　District Court of the Eighteenth Judicial District,
　　　　　　　　In and for the County of Gallatin,
　　　　　　　　The Honorable Thomas Olson, Judge presiding.

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　Jerry R. Bechhold, Bozeman, Montana

　　　　For Respondent:

　　　　Moulton, Bellingham, Law Firm; K. Kent Koolen,
　　　　Billings, Montana

Submitted on Briefs:　Sept. 1, 1988

Decided:　October 13, 1988

Filed:

_____
　　　　　　　Clerk

Mr. Justice L. C. Gulbrandson delivered the Opinion of the Court.

Wayne Easley and his attorney Jerry R. Bechhold appeal a decision of the Eighteenth Judicial District, Gallatin County, granting Burlington Northern Railroad's motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P., and imposing Rule 11, M.R.Civ.P. sanctions in the amount of $1,500.

Respondent raises the question of whether or not the appellant properly and timely preserved all issues for appeal. Having examined the record and the law on the issue, we find the appeal is untimely and we are without jurisdiction to hear it.

On October 5, 1983, Wayne Easley, an employee of Burlington Northern Railroad (BN) was injured when struck by a piece of metal from a spike mall. As a result of his injury Mr. Easley retained counsel to negotiate a settlement with BN to compensate him for his injuries. After approximately two and one-half years, negotiations culminated in a settlement payment to Mr. Easley of $55,000 in exchange for a release of all claims arising from the accident and his resignation from employment with BN. This settlement agreement was signed on May 5, 1986. The release specifically states:

> [I] release and forever discharge Burlington Northern Railroad Company, and all other parties whomsoever, from all claims and liabilities of every kind or nature, INCLUDING CLAIMS FOR INJURIES, IF ANY, WHICH ARE UNKNOWN TO ME AT THE PRESENT TIME, arising out of an accident on or about October 5, 1983, at or near Blossburg, Montana. . .

Shortly thereafter on July 15, 1986, appellant was injured in a motorcycle accident. As a result of x-rays

2

taken at that time, appellant purportedly learned he had a crushed vertebrae and degenerative changes in a vertebral disc. At some point between the accident and September 30, 1986, appellant contacted attorney Bechhold. On October 2, 1986, attorney Bechhold filed a four count complaint in the District Court naming BN and three of its employees as defendants. The complaint alleged two counts of negligence against BN arising from the October 5, 1983 accident, one count of bad faith for BN's negotiation of the settlement agreement, and one count of "Negligence and Wanton and Reckless Disregard for Plaintiff's Wellbeing" against employee John O'Dell for failing to "care for Plaintiff's injuries quickly." The complaint also sought punitive damages in the sum of $1,000,000 against BN and $1,000,000 against O'Dell.

Respondent BN moved for dismissal of the complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), M.R.Civ.P. The respondent's brief opposing attorney Bechhold's motion to withdraw requested the court to impose Rule 11, M.R.Civ.P. sanctions. The motion to dismiss was heard in open court on January 29, 1987 and the court issued its order granting the motion to dismiss on March 16, 1987.

The court found the complaint sought relief for the injury sustained on October 5, 1983 and that all claims arising from the accident were covered by the release executed May 5, 1986. The court found no grounds in the complaint for setting aside the release and that if the release were set aside, the "plaintiff's claims would lie only under the Federal Employers' Liability Act (FELA) . . . ." Under FELA the "plaintiff would have no claim against the individual employees [named as defendants], would not have a claim of punitive damages against the railroad, and would not

3

have a claim based on any covenant of good faith and fair dealing."

The court then imposed $1,500 in Rule 11 sanctions for failure to properly research the matter or file the complaint under FELA. Further, the court found the appellant failed to explain why the release executed five months before the filing of the action was not binding on the parties.

Appellant then filed a motion for reconsideration of defendant's motion for sanctions. The motion was briefed by the parties and heard in open court on April 2, 1987. The court allowed appellant's counsel ten days to file a final brief. The court stated it would then reconsider its ruling on the motion to dismiss and sanctions. On January 26, 1988, the court issued its order denying reconsideration of defendant's motion for sanctions.

A motion for reconsideration, while not specifically referred to in Rule 59(g), M.R.Civ.P., has been equated to a motion to alter or amend a judgment. Pursuant to this rule a party shall serve notice of a Rule 59(g) motion not later than ten days after service of the notice of the entry of the judgment. Appellant complied with this portion of the statute. The statute goes on to provide, however, that should the court fail to rule on the motion within the 45-day period (as delineated in Rule 59(d)) the motion shall be deemed denied. Rule 59(d) provides the 45-day period begins to run from the time the motion is filed. Rule 5(a)(4), M.R.App.P., further provides that the time for filing appeals in civil cases, where a Rule 59(g) motion to alter or amend the judgment is filed, shall run for all parties from the entry of the order granting or denying the motion, or if applicable, from the time such motion is deemed denied at the expiration of the 45-day period established in Rule 59(d). This Court found in Mortensen Construction Co. v. Burlington

4

Northern, Inc., (Mont. 1985), 708 P.2d 1006, 1007, 42 St.Rep. 1699, 1700, that the time limit contained in Rule 59(d) invokes a mandatory time limit.

As Rule 59(g) clearly states that Rule 59(d) applies, we find the 45-day period commenced running on March 24, 1987, when appellant filed his motion for reconsideration of defendant's motion for sanctions. The 45-day period expired on May 8, 1987, and appellant had 30 days from that date in which to file his notice of appeal. Appellant filed his notice of appeal, however, on February 17, 1988. We therefore dismiss the appeal as untimely pursuant to Rule 59(g), M.R.Civ.P.

This Court also notes that when an attorney files a complaint without researching the facts or the law, as was apparent in this case, District Courts have the authority to impose Rule 11, M.R.Civ.P., sanctions.

Appeal dismissed.

Justice

We concur:

Chief Justice

Justices