No. 95-032

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

ARTHUR D. MILLER,

    Plaintiff and Appellant,

-v-

DAVE HERBERT and SAFECO
INSURANCE COMPANY,

    Defendants and Respondents.


APPEAL FROM:   District Court of the Third Judicial District,
               In and for the County of Anaconda-Deer Lodge
               The Honorable Ted L. Mizner, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        W.M. Hennessey, Hennessey, Joyce, McCarthy & Wing,
        Butte, Montana

    For Respondent:

        P. Keith Keller, Keller, Reynolds, Drake, Johnson &
        Gillespie, Helena, Montana

**FILED**

JUL 2 5 1995

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  May 19, 1995

Decided:  July 25, 1995

_____
           Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

This is an appeal from a decision of the Third Judicial District Court, Anaconda-Deer Lodge County, granting summary judgment in favor of Defendants/Respondents, Dave Herbert and Safeco Insurance Company. We affirm.

The issue on appeal is did the District Court err in granting summary judgment for the reason that Plaintiff/Appellant, Arthur D. Miller (Miller), failed to establish a material issue of fact?

Defendant/Respondent, Safeco Insurance Company (Safeco) moves this Court to dismiss this appeal.

The issue on Safeco's motion to dismiss is whether Miller's notice of appeal was timely? We deny Safeco's motion to dismiss this appeal for untimeliness.

**Facts**

Miller was involved in an automobile accident with an uninsured motorist, defendant Dave Herbert, on December 25, 1989. Miller was covered by an uninsured motorist insurance policy through Safeco. Miller received a check from Safeco, dated March 18, 1991, and then endorsed and deposited said check on March 20, 1991. Directly above Miller's endorsement, the check stated:

> Your endorsement releases the Safeco Group of Insurance Companies and their insureds, where applicable, from all claims arising out of the referenced occurrence. [The occurrence referenced on the face of the check is the December 25, 1989, accident.]

On December 21, 1992, Miller filed a claim with the District Court for additional uninsured motorist insurance proceeds arising from the December 25, 1989 automobile accident. Safeco answered

2

alleging Miller had accepted a check in compromise and complete accord and satisfaction for his claim, thus, releasing Safeco. Safeco subsequently filed a motion for summary judgment which motion was granted by the District Court on October 27, 1994.

Miller filed and served a motion for reconsideration on November 9, 1994; and on the same day the District Court filed its Judgment dismissing Miller's complaint on its merits with prejudice. Notice of entry of the court's judgment was served on Miller on November 23, 1994. The District Court denied Miller's motion for reconsideration on December 12, 1994.

Miller filed a notice that he was appealing the District Court's summary judgment on December 29, 1994. On January 30, 1995, Safeco filed a motion with this Court requesting we dismiss Miller's appeal as untimely.

### Motion to Dismiss Appeal

The issue on Safeco's Motion to Dismiss is whether Miller's notice of appeal was timely made?

Rule 5, M.R.App.P., provides time limits for filing notices of appeal.

**Rule 5.**
(a) Appeals in civil cases.
(1) In civil cases the notice of appeal required by [these rules] shall be filed with the clerk of the district court within 30 days from the date of the entry of the judgment or order appealed from, except that in cases where service of notice of entry of judgment is required by Rule 77(d) of the Montana Rules of Civil Procedure the time shall be 30 days from the service of notice of entry of judgment; . . .
. . .
(4) If a timely motion under the Montana Rules of Civil Procedure is filed in the district court by any party: (i) for judgment under Rule 50(b); (ii) under Rule

3

52(b) to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; (iii) under Rule 59 to alter or amend the judgment; or (iv) under Rule 59 for a new trial, the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any other such motion, . . .
. . .

Miller filed his appeal in the District Court thirty-six days after he was served with a notice of entry of judgment. Safeco argues Miller's motion for reconsideration was not a motion which could extend his time to file under Rule 5(a)(4), M.R.App.P. Safeco asserts the post-judgment motions referred to in Rule 5(a)(4) apply only to well-defined circumstances, and must be decided in accordance with specific standards.

Safeco argues Miller failed to present any new facts or original legal arguments; thus, Miller impermissibly asked the lower court to revisit the identical issue it already decided. Safeco concludes, because Miller's motion for reconsideration cannot be deemed to be a Rule 50(b), 52(b) or 59 motion, the last date upon which a notice of appeal could have been filed was December 23, 1994. Miller filed his appeal on December 29, 1994. Therefore, Safeco concludes the appeal was untimely and should be dismissed by this Court.

Miller argues, while a motion for reconsideration is not specifically referred to in Rule 59(g), M.R.Civ.P., this Court has equated it to a motion to alter or amend a judgment under that rule. Easley v. Burlington Northern Railroad (1988), 234 Mont. 290, 292, 762 P.2d 870, 871. Miller concludes that when he filed his motion for reconsideration he extended his time for filing an

4

appeal of the summary judgment under Rule 5(a)(4), M.R.App.P., to thirty days after the District Court denied his motion.

Miller points to the fact the District Court denied his motion for reconsideration on December 16, 1994, and he filed his notice of appeal on December 29, 1994--well within the thirty day time limit set forth in Rule 5(a)(4), M.R.App.P. Miller requests that we deny Safeco's motion to dismiss because his notice of appeal was timely made under this Court's holding in Easley.

In Easley, we stated:

> A motion for reconsideration, while not specifically referred to in Rule 59(g), M.R.Civ.P., has been equated to a motion to alter or amend a judgment. . . .

Easley, 762 P.2d at 871. We find no authority to support this statement in Easley in its broadest interpretation. A motion for reconsideration will not be equated to a Rule 59(g) motion to alter or amend unless the substance of the motion constructively requests that the court alters or amends the judgment. We shall look to the substance of a motion, not just its title, to identity what motion has been presented.

On February 28th, 1995, we reserved ruling on Safeco's motion to dismiss Miller's appeal for further consideration of its merits. After such consideration, we conclude Safeco's motion to dismiss will be denied in this instance because of our holding in Easley. It would be unfair to Miller to dismiss his appeal when he may have been mislead by the statement in Easley that a motion for reconsideration has been equated to a motion to alter or amend. We do conclude that it is necessary to limit the holding in Easley for

5

future cases.

We hold that the statement in Easley--that a motion for reconsideration may be equated to a motion to alter or amend a judgment--is limited to motions which contain statements or allegations demonstrating that such motion is the equivalent to a motion to amend or a motion to alter a judgment. We further hold that Miller's notice of appeal was timely and deny Safeco's motion to dismiss the appeal.

## Appeal of Summary Judgment

Did the District Court err in granting summary judgment for the reason that Miller failed to establish a material issue of fact?

Miller states, in order for Safeco to prevail on its motion for summary judgment, it must prove there is no existence of any material fact at issue. Miller contends Safeco failed to meet its burden because Miller's understanding that he released his claims against Safeco is a genuine issue of material fact.

Miller refers to his affidavit, submitted in opposition to Safeco's motion for summary judgment, where he stated he has suffered from mental and psychological disorders for a number of years and he was suffering from such disorders during the time he allegedly released all claims against Safeco. He further stated he did not understand that he was releasing any claims when he endorsed the check, and he believed he was merely recouping further medical expenses.

Miller claimed he did not realize Safeco's adjuster, Mark

6

Sannes, was seeking a release of all claims when they discussed the matter on March 14, 1991. Miller contends his affidavit conflicts with Mark Sannes' affidavit which states it was Mr. Sannes' intention to obtain a full release. Furthermore, Miller argues his inability to understand such release at that time is supported by the affidavit of Dr. Timothy Casey (Dr. Casey) who has been Miller's psychologist since April of 1991. Miller concludes these affidavits clearly demonstrate a material issue of fact; therefore, the District Court's grant of summary judgment was improper.

Safeco contends, according to Miller's claims, his appeal succeeds or fails on the question of his mental capacity and whether he furnished the District Court with sufficient evidence to create a material fact issue. Safeco argues Miller's claim of not understanding is insufficient without more to create a fact issue. Safeco surmises that any release or settlement agreement is vulnerable to the claim, after the fact, that it was not understood.

The standard we apply in reviewing a District Court's summary judgment is the same as that used by the District Court under Rule 56(c), M.R.Civ.P. -- "[s]ummary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law." Spain-Morrow Ranch, Inc. v. West (Mont. 1994), 872 P.2d 330, 331-32, 51 St.Rep. 363, 364 (citing Minnie v. City of Roundup (1993), 257 Mont. 429, 431, 849 P.2d 212, 214).

The District Court found that Miller "failed in his burden to

produce evidence of a genuine issue of material fact." The court also found that Miller "effectively released Defendant Safeco Insurance Company from all claims and that the parties did reach complete accord and satisfaction. [Miller's] claim that he lacked capacity to consent at the time he signed the release is not supported by any competent evidence. Dr. Casey's Affidavit is pure speculation." These findings are supported by the record; and, in fact, there is nothing in the record to contradict these findings.

Miller relies on Morrow v. FBS Insurance (1988), 230 Mont. 262, 749 P.2d 1073, to argue that it was improper for the District Court to grant summary judgment where Miller's credibility was crucial to the decision of material fact. We agree with the District Court's conclusion that "this is not a case where [Miller's] credibility is essential to a determination of the issues."

In Morrow, 749 P.2d at 1075, we stated:

> . . . all "reasonable inferences that may be drawn from the offered proof are to be drawn in favor of the party opposing summary judgment." [Citation omitted.]
> Morrow asserts that in applying this rule, the lower court ignored the material fact questions created by the conflicting affidavits and depositions of the parties. In support of this argument, Morrow cites § 26-1-301, MCA, which provides:
>> **One witness sufficient to prove a fact.** The direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact, except perjury and treason.
> We agree with Morrow's argument.

The Court then considered all reasonable inferences in favor of Morrow's offered proof and concluded that there was not the appropriate absence of material fact. In that case, the record

8

contained specific statements of fact contradicted by specific statements of fact of other witnesses. Morrow, 749 P.2d at 1073-76. Here, we have merely the statements on the part of Miller which the District Court said required more of an expert on the matter of mental capacity.

There was no expert testimony to establish Miller's incapacity to understand mentally what he was doing at that time. Dr. Casey testified that it was "possible [Miller's] judgment may have been compromised at that time and he may not have understood the import of what he was doing." We have consistently held that speculation is not a sufficient basis on which to raise a genuine issue of material fact. Fauerso v. Maronick Construction (1983), 203 Mont. 106, 661 P.2d 20; General Insurance Company of North America v. Town Pump, Inc. (1984), 214 Mont. 27, 692 P.2d 427; Brothers v. General Motors Corporation (1983), 202 Mont. 477, 658 P.2d 1108. We agree with the District Court's finding that this testimony is entirely speculative and insufficient to create an issue of material fact.

We hold the District Court did not err in granting summary judgment for the reason that Miller failed to establish a material issue of fact.

_____
Justice

We Concur:

_____
Chief Justice

9

_____

_____

_____

_____

_____
Justices

10

Justice Karla M. Gray, specially concurring.

I concur in the Court's opinion on the substantive issue involving summary judgment. I specially concur in the Court's opinion insofar as it relates to the motion to dismiss the appeal, agreeing with the result but not with the rationale.

The Court concedes that there is no basis for the statement in Easley that a motion for reconsideration has been equated to a motion to alter or amend a judgment. Indeed, it is clear that the Montana Rules of Civil Procedure do not provide for, or authorize, a motion to reconsider at all; as a result, no such motion is encompassed within Rule 5(a), M.R.App.P. Under these circumstances, it is my view that the better course would be to overrule the entirety of the statement in Easley, rather than to merely limit it as the Court has done. I would hold that any motion captioned a motion to reconsider is to be entirely disregarded by opposing parties and district courts because no such motion exists within the purview of the rules of civil procedure.

_____
Justice

11

Justice W. William Leaphart, dissenting.

I dissent. In opposing Safeco's motion for summary judgment, Miller put forth essentially two separate arguments: (1) that at the time of signing the release, he was suffering from mental problems which effected his capacity to comprehend what he was doing, and (2) that he did not understand the terminology and scope of the specific release language. With regard to the question of his mental capacity, I think that Miller raised a genuine issue of material fact sufficient to defeat the motion for summary judgment. Miller submitted the affidavit of a psychologist, Timothy Casey, who testified that he had diagnosed Miller as having somatoform pain disorder and Axis II diagnosis of paranoid personality disorder; further, that these disturbances may have compromised Miller's judgment at the time of signing the release. The District Court rejected Casey's testimony because he was not treating Miller at the time of the release. However, Miller submitted his own affidavit which stated that he had suffered from a mental and psychological disorder for a number of years and "was suffering from such disorders in March, 1991"--the date of the release. Without commenting upon the strength or weight of this testimony, I believe that the psychologist's affidavit combined with Miller's uncontroverted affidavit raises a genuine issue of material fact as to whether Miller was of "unsound mind" under § 28-2-201, MCA, and thus incapable of executing a valid release, irrespective of the particular language of the release in question. I would reverse the summary judgment.

_W. William Leaphart_
                                    Justice

12

Justice Terry N. Trieweiler and Justice William E. Hunt, Sr., join in the foregoing dissent of Justice W. William Leaphart.

_____
Justice

_____
Justice