JUSTICE NELSON
specially concurs and dissents.
I concur with our discussion of Issue 1; I dissent from our discussion of Issue 2.
Regardless of how it was labeled, it is inconceivable to me that any attorney could read the document filed by Respondent and conclude that it was anything other than a brief. Even a cursory glance at the “answer” filed in this case would have revealed that fact.
We have held that it is the substance of a document that controls, not its caption. See Miller v. Herbert (1995), 272 Mont. 132, 136, 900 P.2d 273, 275 (‘We shall look to the substance of a motion, not just its title, to identify what motion has been presented.”) In substance, the document at issue here is clearly a brief regardless of how it was captioned. Respondent’s “answer” neither admits nor denies any of the allegations contained in the second amended complaint. Instead, the document sets forth the Respondent’s arguments, analysis and supporting case and statutory authority as to why the action should be dismissed; this document was filed four days after the Respondent *97 filed its motion to dismiss. There is no evidence that Respondent intended to trick or mislead the Appellant. Rather, it appears that Respondent simply mis-captioned its response brief — an error merely of form, not of substance.
From whole cloth, we have now created an exception to Miller. We have also ignored the statutory principal underlying that case — “[t]he law respects form less than substance.” Section 1-3-219, MCA. Now, “documents which have a procedural significance beyond the merits of their content” must be correctly labeled before the recipient can be held to have defaulted for failure to file a timely response. Apparently, a summons, a brief in support of a motion to dismiss and requests for admissions fall into this category, while, an answer and written interrogatories do not. Not surprisingly, the majority cites no authority for this arbitrary categorization. There is none. In fact, we have stated the contrary — i.e., that “[w]e disregard the terminology in the title ofthe summons. ...’’ Association of Unit Owners v. Big Sky (1986), 224 Mont. 142, 148, 729 P.2d 469, 472. Very recently, in discussing this decision we noted that “in [Association of Unit Owners] the content of the summons was more important than its title.” Yarborough v. Glacier County (1997), [285 Mont. 494], 948 P.2d 1181, 1183.
Until we amend the Rules of Civil Procedure to provide otherwise, it is my opinion that all pleadings, motions and other documents provided for by those rules are procedurally significant, as are the time frames that govern their filing. That is one of the underlying premises of Rule 11, M.R.Civ.R, if not the entirety of the Rules themselves. Moreover, I do not believe that it is the obligation of this or of any other court in this State to hand-hold those members of the bar who cannot tell the difference between an answer and a brief.
The District Court was absolutely correct in its decision. I would affirm.
CHIEF JUSTICE TURNAGE and JUSTICE GRAY concur in the foregoing concurrence and dissent.