# LEONARD CRAIG SEMENZA,
## Plaintiff and Appellant,
### v.
# CHANNING J. HARTELIUS and HARTELIUS & FERGUSON,
## Defendants and Respondents.

No. 91.115.
April 16, 1991.
248 Mont. 294.
811 P.2d 1262.

Leonard Craig Semenza, pro se.
Cresap S. McCracken, Great Falls, for defendants and respondents.

## OPINION AND ORDER

On December 20, 1990 the District Court of the Eighth Judicial District, Cascade County, entered judgment in favor of defendants/respondents. Notice of entry of judgment was promptly

given pursuant to Rule 77(d) M.R.Civ.P. On December 31, 1990 plaintiff/appellant timely filed a motion to amend the judgment. Although not specifically mentioned in the motion, it is assumed that it was made in accordance with Rule 59(g), M.R.Civ.P.

While this motion was pending, plaintiff/appellant filed on January 23, 1991, a notice of appeal in accordance with Rule 5(a)(4), M.R.App.P. On January 25, 1991, the District Court granted plaintiff/appellant's motion to amend by vacating its order directing entry of judgment.

Defendants/respondents maintain that the filing of the notice of appeal served to deprive the District Court of jurisdiction over the case. According to their argument a District Court loses jurisdiction when a notice of appeal is filed. Therefore, the District Court was without jurisdiction to grant plaintiff/appellant's motion to amend and its order vacating its entry of judgment is null and of no effect. We disagree.

According to Rule 59(g), M.R.Civ.P., a motion thereunder shall be determined by the District Court within 45 days. If the court fails to rule within this time period, the motion is deemed denied.

Rule 5(a)(1), M.R.App.P., requires the notice of appeal in civil cases, to be filed within 30 days of judgment. However, if a motion under Rule 59(g), M.R.Civ.P., is timely filed, the time for appeal shall run from the entry of an order granting or denying the motion, or, if applicable, from the time the motion is deemed denied at the end of the 45 day period. If a notice of appeal is filed before the motion is disposed of, the notice of appeal shall have no effect. Rule 5(a)(4), M.R.App.P.

This plain language of Rule 5(a)(4), M.R.App.P., mandates the conclusion that the District Court had jurisdiction to vacate its order of December 20, 1990 granting judgment in favor of defendants/respondents. The plaintiff/appellant filed his motion to amend the judgment on December 31, 1990. He then filed a notice of appeal on January 23, 1991. This notice was filed before the expiration of the 45 day period established in Rule 59, M.R.Civ.P., and before the District Court ruled on the motion to amend within the 45 day period. It is therefore clear from the language of Rule 5, M.R.App.P., that the notice of appeal was of no effect and the District Court retained jurisdiction to vacate its order of dismissal.

IT IS ORDERED;

1. This appeal is dismissed;

2.  The Clerk of the Supreme Court shall remit the file to the Clerk of the District Court;

3.  Plaintiff/appellant's $75.00 fee for appeal shall be retained.

DATED this 16 day of April, 1991.

s/  <u>William E. Hunt, Sr</u> , Acting Chief Justice
s/  <u>John Conway Harrison</u>, Justice
s/  <u>Karla M. Gray</u>, Justice
s/  <u>Terry Trieweiler</u>, Justice
s/  <u>Fred J. Weber</u>, Justice
s/  <u>R. C. McDonough</u>, Justice