No. 91-382

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MARRIAGE OF

CATHARINE GAY GROUNDS,
f/k/a CATHARINE GAY COWARD,

>Petitioner, Respondent
>and Cross-Appellant,

and

HAROLD MARK COWARD,

>Respondent, Appellant,
>and Cross-Respondent.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

>For Appellant:

>Michael Sol, Sol & Wolfe, Missoula, Montana

>For Respondent:

>John Rayburn Velk, Attorney at Law,
Missoula, Montana

Submitted on Briefs:    August 27, 1992

Decided: February 11, 1993

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Appellant Mark Coward filed a premature notice of appeal before the disposition of respondent Catharine Grounds' post-trial motion. No new motion was filed by appellant after respondent's motion was deemed denied, as required by Rule 5 of the Montana Rules of Appellate Procedure. We dismiss the appeal.

On February 28, 1991, the District Court of the Fourth Judicial District, Missoula County, granted a petition for dissolution to Mark Coward (Mark) and Catharine Grounds (Catharine). Findings of fact and conclusions of law were issued on March 14, 1991, and a judgment incorporating those findings and conclusions was entered on March 20, 1991. Among other provisions, the judgment provided Catharine with maintenance for life. Notice of entry of judgment was filed on March 28, 1991.

On April 1, 1991, Catharine filed a motion for contempt for failure to pay maintenance. An order to show cause was issued on April 2, 1991. On April 4, 1991, Mark timely filed a motion to alter or amend the judgment, requesting the court to modify the maintenance award to his ex-wife. Mark also made a motion for a new trial. Mark's motions were made in accordance with Rule 59(g), M.R.Civ.P.

On April 15, 1991, a hearing was held on the contempt proceedings. On April 17, 1991, the court entered an order holding Mark in contempt. In the same order, the court ruled on Mark's two motions. The judge: (1) partially granted Mark's motion to alter

2

or amend the March 20, 1991, judgment by modifying the maintenance award provided in the original judgment; and (2) denied Mark's motion for a new trial.

On April 30, 1991, Catharine filed a motion in accordance with Rule 59(g), M.R.Civ.P., requesting the court to alter or amend the April 17, 1991, order. Before the court's disposition of Catharine's motion, Mark filed a notice of appeal of the March 14, 1991, findings and the April 17, 1991, order. He made his filing on May 17, 1991. On May 23, 1991, the District Court issued a memorandum and order responding to Catharine's motion; however, the court did not dispose of her motion at this time nor at any time thereafter. On June 15, 1991, Catharine's motion was deemed denied. On June 28, 1991, Catharine filed her notice of appeal.

Catharine maintains that Mark's notice of appeal, filed on May 17, 1991, was premature, and therefore, ineffective, according to Rule 5(a)(4), M.R.App.P. She maintains that Mark's appeal should be dismissed based upon his failure to comply with Rule 5 of the Montana Rules of Appellate Procedure. We agree.

Rule 5(a)(1), M.R.App.P., requires the notice of appeal in civil cases to be filed within 30 days of the entry of judgment. However, if a motion under Rule 59(g), M.R.Civ.P., is timely filed by either party, the time for appeal shall run from the entry of the order granting or denying the motion, or if applicable, from the time the motion is deemed denied pursuant to Rule 59(d), M.R.Civ.P., by the court's failure to rule on it within 45 days.

3

If a notice of appeal is filed before the motion is disposed of, the notice of appeal shall have no effect. Rule 5(a)(4), M.R.App.P. *Semenza v. Hartelius* (1991), 248 Mont. 294, 295, 811 P.2d 1262, 1263. Further, if a notice of appeal is filed prematurely, a new notice of appeal must be filed after the motion is disposed of or deemed denied in order to remedy the original untimely filing. Rule 5(a)(4), M.R.App.P.

The language of Rule 5(a)(4), M.R.App.P., requires the conclusion that Mark filed a premature notice of appeal. Catharine timely filed her post-trial motion to alter or amend the April 17, 1991, order on April 30, 1991. While this motion was pending, Mark filed a notice of appeal on May 17, 1991. Pursuant to Rule 5(a)(4), M.R.App.P., Mark should have waited until after the court disposed of Catharine's timely motion or until her motion was deemed denied to file his notice of appeal.

Mark contends that the time for appeal began to run on April 18, 1991, when the court filed the ruling on Mark's motions; and consequently his May 17, 1991, filing was timely. Mark bases this argument on an erroneous assumption that Catharine's motion was filed two days too late, and therefore, could be disregarded.

Catharine filed her motion on April 30, 1991. Mark asserts that Catharine's filing was made 12 days after the April 18, 1991, order which she sought to amend. He contends that this was two days beyond the 10 day filing limit required by Rule 59(g),

4

M.R.Civ.P. Consequently, Mark asserts, he acted properly when he disregarded Catharine's motion and filed the notice of appeal when he did. Mark's assumption is incorrect.

Rule 6(a), M.R.Civ.P., provides the methodology by which computation of time is to be determined:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included.

April 17, 1991, the day the order was issued, is not to be included in the time computation, as that is the date of the act of the court, namely the altering and amending of the prior judgment.

Further, Rule 6(a) of the Montana Rules of Civil Procedure provides that:

> When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation.

Pursuant to Rule 59(g), M.R.Civ.P., a motion to alter or amend a judgment shall be served no later than 10 days after the notice of entry of judgment. This time period is less than the 11 days referred to in Rule 6(a), M.R.Civ.P., therefore, intervening Saturdays and Sundays are not counted. Accordingly, Catharine had until May 1, 1991, to file her motion to alter or amend. She filed her motion on April 30, 1991, one day before the time limit expired. She filed her motion within the time limitations required by the Montana Rules of Civil Procedure.

5

On May 23, 1991, the court responded to Catharine's motion by a memorandum and order, but neither denied nor granted her motion in this order or at any time thereafter. According to Rule 59(d), M.R.Civ.P., because the court failed to dispose of Catharine's motion, the motion was deemed denied on June 15, 1991, 45 days after the April 30, 1991, filing date. Pursuant to Rule 5(a)(4), M.R.App.P., Mark should have waited until on or after June 15, 1991, to file his notice of appeal for his filing to be effective; or, subsequent to his premature filing, Mark should have filed a new notice of appeal on or after June 15, 1991. Mark did neither.

Rule 5(a)(4), M.R.App.P., mandates the conclusion that because Mark's filing was premature, it was ineffective. Moreover, because Mark failed to remedy his situation and to file a new notice of appeal after Catharine's motion was deemed denied, his appeal is hereby dismissed.

### CATHARINE'S APPEAL

Although we dismissed Mark's appeal due to a failure to comply with the timely filing requirements of Rule 5 of the Montana Rules of Appellate Procedure, we will address Catharine's appeal because she timely filed a notice of appeal of the April 17, 1991, order. The court never disposed of Catharine's April 30, 1991, motion; consequently, Catherine's motion was deemed denied on June 15, 1991, 45 days after her motion was made. Rule 59(d), M.R.Civ.P. According to Rule 5, M.R.App.P., Catherine had 30 days from

6

June 15, 1991, to file her notice of appeal. She timely filed the notice on June 28, 1991, well within the prescribed time limit.

The sole issue on Catharine's appeal is:

Did the District Court err when it partially granted Mark's motion to alter or amend the judgment, despite Mark's failure to file a supporting brief within five days of his motion, and despite his failure to notify Catharine of when his motions would be heard?

In the original March 20, 1991, judgment, the District Court awarded Catharine maintenance until she dies or remarries, whichever shall occur first. On April 4, 1991, Mark filed a motion to alter or amend the judgment and a motion for a new trial. He did not file briefs in support of either motion at any time. Mark also failed to notify Catharine that his motions would be heard in conjunction with Catharine's contempt motion at the scheduled contempt hearing on April 15, 1991.

At the April 15, 1991, hearing, Mark did not present evidence regarding either of his motions. The only argument made on behalf of Mark's motion to amend the judgment was a comment by Mark at the end of the hearing that maintenance should be modified because "no woman should be paid $2,000 for life." Nonetheless, on April 17, 1991, the District Court partially granted Mark's motion to amend the judgment and modified the lifetime maintenance award.

In the April 17, 1991, order, the District Judge explained that further consideration of the findings of fact and conclusions of law warranted a modification of the maintenance agreement. He

7

stated that: "[t]he award of maintenance in the judgment dated March 20, 1991, is modified so that maintenance shall terminate if [Catharine] remarries or on March 20, 2001, whichever shall first occur."

On April 30, 1991, Catharine filed a motion to amend the April 17, 1991, order. On May 23, 1991, the District Court responded to Catharine's motion by recognizing that confusion existed as to Catharine's lack of notice of when Mark's motions would be heard. The court requested the parties to propose a briefing schedule and/or evidentiary hearing date; however, the parties never acted on this request.

Catharine contends that the District Court abused its discretion when it partially granted Mark's motion. She argues that according to Uniform District Court Rule 2, a moving party's failure to file a brief in support of its motion within five days of the filing of the motion shall be deemed an admission that the motion is without merit. Consequently, she asserts, Mark's unsupported motions should have been deemed meritless, and therefore, denied.

Secondly, Catharine contends that no notice of hearing was submitted regarding Mark's motion to amend; therefore, she had no notice that the court was going to consider Mark's motion to amend the judgment at the April 15, 1991, hearing.

Catharine asserts that at the very minimum, she is entitled to a remand and further proceedings at which she may present evidence

8

and testimony to justify the lifetime maintenance award which she was originally granted in the March 20, 1991, judgment. She asserts that the District Court's abuse of discretion should be corrected.

In *Maberry v. Gueths* (1989), 238 Mont. 304, 777 P.2d 1285, we held that although we will view a failure to file an answer brief within the time allowed as an admission that the motion is well taken by the nonmoving party, Uniform District Court Rule 2 does not require the district court to grant the unanswered motion. The Rule states that "failure to file briefs may subject the motion to summary ruling." We concluded in *Maberry* that Uniform District Court Rule 2 did not remove the discretion of the district court to grant or deny an unanswered motion as it sees fit. *Mayberry*, 777 P.2d at 1289.

Similarly, we conclude in this case that although Mark failed to file a brief in support of his motion and such failure to file a brief is to be viewed as an admission by Mark that his motion is without merit, Uniform District Court Rule 2 does not require the District Court to dismiss Mark's unsupported motions. The District Court retains the discretion to grant or deny unsupported motions as it sees fit. Furthermore, the parties were invited by the District Court to propose a briefing schedule and/or evidentiary hearing date to present supplemental arguments on the issue of maintenance; yet the parties never did.

9

We hold that the District Court did not err when it granted Mark's motion to alter or amend the judgment and reduced Catharine's award of maintenance from a lifetime duration to 10 years or until Catharine remarries, whichever shall occur first. The District Court made its decision based upon further consideration of the record and determined that the original findings of fact and conclusions of law warranted modification. We conclude that there was no abuse of discretion and affirm the District Court's modification of the maintenance award.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

10