No. 97-127

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


JAMES MOODY,

Plaintiff and Appellant,

v.

NORTHLAND ROYALTY CO.,

Defendant and Respondent.


APPEAL FROM:   District Court of the Ninth Judicial District,
               In and for the County of Glacier,
       The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

For Appellant:

Jeff Lynch, Lynch Law Firm, Great Falls, Montana

For Respondent:

Robert J. Emmons, Emmons & Sullivan, Great Falls, Montana


Submitted on Briefs: June 12, 1997

Decided:   December 12, 1997
Filed:


_____
Clerk

Justice William E. Hunt, Sr. delivered the Opinion of the Court.

This is an appeal from the Ninth Judicial District Court, Glacier County. On June 6, 1996, the District Court entered an order dismissing Appellant James Moody's (Appellant) second amended complaint with prejudice. On February 4, 1997, Appellant filed a notice of entry of judgment. From this, Appellant appeals. We reverse and remand with instructions.

The issues raised on appeal are as follows:

1. Does this Court have appellate jurisdiction over this case?

2. Did the District Court err under Rule 2, Uniform District Court Rules, when it granted Respondent's motion to dismiss?

BACKGROUND

The procedural history of this case is convoluted. On March 23, 1995, Appellant filed a complaint against Respondent Northland Royalty Co. (Respondent), alleging he had been wrongfully discharged from his employment. Appellant filed a second amended complaint on April 16, 1996. Respondent moved to dismiss the action on May 6, 1996, but it did not file a supporting brief that same day. Four days later, on May 10, 1996, Respondent filed a two-page document entitled 'Respondent's Answer To Appellant's Second Amended Complaint.' Appellant did not respond to Respondent's motion.

On June 6, 1996, the District Court granted Respondent's motion and dismissed the entire complaint with prejudice. It treated Respondent's 'answer' as Respondent's brief in support of the motion to dismiss and further noted that Appellant had not responded to the motion. Respondent did not file a notice of entry of judgment.

On June 10, 1996, Appellant filed a motion for reconsideration, requesting that the court either rescind its order or allow Appellant to respond to Respondent's motion.

Subsequently, on July 1, 1996, before the District Court had ruled on the motion, Appellant filed a notice of appeal. On January 9, 1997, this Court dismissed the appeal without prejudice. We held that the motion for reconsideration was actually a Rule 59(g), M.R.Civ.P., motion to alter or amend the judgment according to our decision in Miller v. Herbert (1995), 272 Mont. 132, 135-36, 900 P.2d 273, 275. Once Appellant had filed the Rule 59(g) motion, he could not properly appeal until the District Court had either denied the motion or until the motion was 'deemed denied' upon failure of the court to rule within 60 days. Appellant's notice of appeal, filed prior to the disposal of that motion, was thus premature and had no effect.

We further noted that although Rule 5(a)(4), M.R.App.P., subsequently amended effective October 1, 1997, provides that an appellant may refile a notice of appeal after the Rule 59(g) motion has been denied or 'deemed denied,' Appellant could not file such

an appeal, because the appeal time had long since run. However, because the Respondent had never filed a notice of entry of judgment with respect to the District Courtþs dismissal order as required by Rule 77(d), M.R.Civ.P., the time limit for appealing that order had neither begun nor ended. We thus stated that Appellant could refile a notice of appeal.

Respondent still failed to file a notice of entry of judgment. On February 4, 1997, Appellant himself filed a notice of entry of judgment, and filed another notice of appeal.

On May 6, 1997, the District Court entered its judgment, dismissing the case with prejudice, and on May 7, 1997, Respondent served a notice of entry of judgment.

## ISSUE ONE

Does this Court have appellate jurisdiction over this case?

In our January 1997 order dismissing Appellantþs first appeal as premature, we stated that because Respondent had never filed a notice of entry of judgment as required by Rule 77(d), M.R.Civ.P., Appellant could þtherefore still properly and timely refile with this Court a notice of appeal of the District Courtþs dismissal order.þ

Respondent argues our order was incorrect, because a notice of entry of judgment is never required when a Rule 59(g), M.R.Civ.P., motion has been filed. He contends that the appeal time ran from the date the Rule 59(g) motion was deemed denied. Because no notice of appeal was timely filed after the disposal of that motion, this Court lacks appellate jurisdiction.

We need not resolve the Respondentþs argument, because our January 1997 order is law of the case, even if incorrect. The law of the case doctrine þexpresses the practice of courts generally to refuse to reopen what has been decided. It expresses the rule that the final judgment of the highest court is the final determination of the partiesþ rights.þ Scott v. Scott (Mont. 1997), 939 P.2d 998, 1001-02, 54 St.Rep. 548, 550 (citing Fiscus v. Beartooth Electric Cooperative, Inc. (1979), 180 Mont. 434, 436, 591 P.2d 196, 197). We have described the doctrine as follows:

The rule is well established and long adhered to in this state that where upon an appeal, the Supreme Court, in deciding a case presented states in its opinion a principle or rule of law necessary to the decision, such pronouncement becomes the law of the case, and must be adhered to throughout its subsequent progress, both in the trial court and upon subsequent appeal.

Scott, 939 P.2d at 1002 (citing Fiscus, 591 P.2d at 197). Further, þ[w]hether the opinion is right or wrong, it is the law of the case . . . and is binding upon us.þ Fiscus, 591 P.2d at 198 (citation omitted).

Our prior order stated that Appellant could still timely refile a notice of appeal,

which he promptly did on February 4, 1997. That order is law of the case, and we will not revisit it.

Respondent next contends that this Court lacks jurisdiction because Appellant did not pay the $45.00 filing fee required by õ 25-1-201(1)(c), MCA, for entry of judgment before he filed the notice of entry of judgment on February 4, 1997. It argues that because Appellant did not pay a fee, no judgment was entered at that time. Therefore, the February 1997 notice of entry of judgment had no legal effect. Respondent points out that judgment was not actually entered until May 1997, when Respondent itself paid the filing fee for entry of judgment and also served a notice of entry of judgment. Accordingly, Appellantþs notice of appeal, filed February 4, 1997, was premature.

We do not agree with Respondentþs argument. First, the filing fee is required on entry of judgment from the prevailing party, which in this case was the Respondent and not the Appellant. Section 25-1-201(1)(c), MCA.

Second, this Court has jurisdiction to hear appeals that are filed prior to the entry of judgment appealed from. Rule 5(a)(2), M.R.App.P., provides:

[A] notice of appeal filed after the announcement of a decision or order but prior to the time that the appeal period begins to run under subsection (a)(1) of this Rule 5, i.e., before the entry of the order or judgment appealed from or the service of the notice of entry of judgment as the case may be, shall be treated as filed after such entry and on the day thereof.

Thus, even though judgment was not entered until May 6, 1997, after Appellant had already filed the notice of appeal, we treat the notice as though filed þafter such entry and on the day thereof.þ Rule 5(a)(2), M.R.App.P.

Furthermore, as this Court has already held, we will not revisit whether in fact Appellant was entitled to refile a notice of appeal on the basis that no notice of entry of judgment had been entered as of January 1997.


ISSUE TWO

Did the District Court err under Rule 2, Uniform District Court Rules, when it granted Respondentþs motion to dismiss?

The District Court dismissed Appellantþs second amended complaint on the grounds that Appellant had not responded to Respondentþs motion to dismiss in the time permitted by Rule 2, Unif.Dist.Ct.R., and that therefore the motion was deemed to be well-taken. The District Court did not address the merits of Respondentþs motion.

Appellant raises two arguments in support of his contention that the District Court erred. Both center on the partiesþ respective obligations to file briefs in connection with

the motion to dismiss, and both involve Rule 2, Unif.Dist.Ct.R., which provides in part:

(a) Upon filing a motion or within five days thereafter, the moving party shall file a brief. The brief may be accompanied by appropriate supporting documents. Within ten days thereafter the adverse party shall file an answer brief which also may be accompanied by appropriate supporting documents. Within ten days thereafter, movant may file a reply brief or other appropriate responsive documents.

(b) Failure to file briefs. Failure to file briefs may subject the motion to summary ruling. Failure to file a brief within five days by the moving party shall be deemed an admission that the motion is without merit. Failure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken. Reply briefs by movant are optional, and failure to file will not subject a motion to summary ruling.

We have interpreted this rule as allowing the lower court discretion to either deny or grant unsupported or unanswered motions. In re Marriage of Grounds (1993), 256 Mont. 397, 403, 846 P.2d 1034, 1038 (unsupported motion); Maberry v. Gueths (1989), 238 Mont. 304, 309, 777 P.2d 1285, 1289 (unanswered motion). Hence, we will not overturn the District Courtþs decision absent an abuse of discretion. However, the question as to whether a "brief" has been filed within the meaning of Rule 2, Unif.Dist.Ct.R., presents a question of law. This Court reviews issues of law to determine whether the lower court's application or interpretation of the law is correct.

Hollister v. Forsythe (1995), 270 Mont. 91, 93, 889 P.2d 1205, 1206.

Appellant argues that Respondent did not file a brief in support of the motion to dismiss within five days as required by Rule 2(a), Unif.Dist.Ct.R. He reasons that this failure should be deemed an admission that the motion was without merit and he was therefore not obligated to respond. Rule 2(b), Unif.Dist.Ct.R. Respondent counters, and the District Court agreed, that the document labeled þRespondentþs Answer to Appellantþs Second Amended Complaint,þ which was filed four days after the motion was filed, was in fact a supporting brief.

For purposes of characterizing post-judgment motions, this Court has generally held that the substance, not the caption, of the document controls. See, e.g., Miller v. Herbert (1995), 272 Mont. 132, 136, 900 P.2d 273, 275 (þWe shall look to the substance of a motion, not just its title, to identify what motion has been presented.þ) However, we make a distinction for those types of documents which have such procedural significance that the label or title of the document is significant to the recipient. Examples of such documents are a summons, requests for admissions, and briefs in support of motions to dismiss. All such documents require a response from the recipient within a fixed period of time, and failure to provide the appropriate response

within that time has substantive consequences.

In the event that an appearance is not made within twenty days from the date on which a summons is served, a party's default may be entered. Rule 55(a), M.R.Civ.P. See also Rule 12, M.R.Civ.P.; õ 25-3-401, MCA. In the event that requests for admissions are not answered within thirty days, the facts the party is requested to admit are deemed true. Rule 36(a), M.R.Civ.P. In the event that a motion to dismiss is supported by a brief within five days, the adverse party's failure to file an answer brief is deemed an admission that the motion is well-taken. Rule 2(b), Unif.Dist.Ct.R.

In the regular course of office practice, an attorney attaches different procedural significance to a document entitled "written interrogatories" than he or she would to a document entitled "requests for admissions." Likewise, an attorney attaches different procedural significance to a document entitled "answer" than to a document entitled "brief in support of motion to dismiss." A motion to dismiss without a supporting brief is deemed to be without merit. However, when a motion to dismiss is supported by a brief, it is deemed well-taken unless the adverse party files a brief in opposition. Rule 2 (b), Unif.Dist.Ct.R.

Written interrogatories are not routinely treated with the same sense of urgency by a practicing attorney that requests for admissions stimulate. Likewise, "answers" are not treated with the same sense of urgency as briefs in support of motions to dismiss. For these reasons, this Court requires that those documents which have procedural significance beyond the merits of their content to be correctly labeled before the recipient can be held to have defaulted for failure to file a timely response. Otherwise, the party filing the misleading document, whether inadvertently or intentionally, would benefit from his or her own error.

We hold that the District Court erred when it granted Respondent's motion to dismiss on the basis that Appellant had not filed an answer brief. Respondent's motion was not supported by a properly identified brief, and unless, on remand, leave is given by the District Court to correct that error, the motion is deemed, at this point, to be without merit.

Reversed and remanded.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/  JIM REGNIER
/S/  W. WILLIAM LEAPHART
/S/  TERRY N. TRIEWEILER


Justice James C. Nelson specially concurs and dissents.


I concur with our discussion of Issue 1; I dissent from our discussion of Issue 2.

Regardless of how it was labeled, it is inconceivable to me that any attorney could read the document filed by Respondent and conclude that it was anything other than a brief.  Even a cursory glance at the "answer" filed in this case would have revealed that fact.

We have held that it is the substance of a document that controls, not its caption. See Miller v. Herbert (1995), 272 Mont. 132, 136, 900 P.2d 273, 275 ("We shall look to the substance of a motion, not just its title, to identify what motion has been presented.") In substance, the document at issue here is clearly a brief regardless of how it was captioned.  Respondent's "answer" neither admits nor denies any of the allegations contained in the second amended complaint.  Instead, the document sets forth the Respondent's arguments, analysis and supporting case and statutory authority as to why the action should be dismissed; this document was filed four days after the Respondent filed its motion to dismiss.  There is no evidence that Respondent intended to trick or mislead the Appellant.  Rather, it appears that Respondent simply mis-captioned its response brief--an error merely of form, not of substance.

From whole cloth, we have now created an exception to Miller. We have also ignored the statutory principal underlying that case--"[t]he law respects form less than substance."  Section 1-3-219, MCA.  Now, "documents which have a procedural significance beyond the merits of their content" must be correctly labeled before the recipient can be held to have defaulted for failure to file a timely response.  Apparently, a summons, a brief in support of a motion to dismiss and requests for admissions fall into this category, while, an answer and written interrogatories do not. Not surprisingly, the majority cites no authority for this arbitrary categorization. There is none.  In fact, we have stated the contrary--i.e., that "[w]e disregard the terminology in the title of the summons. . . ." Association of Unit Owners v. Big Sky (1986), 224 Mont. 142, 148, 729 P.2d 469, 472. Very recently, in discussing this decision we noted that "in

[Association
of Unit Owners] the content of the summons was more important than its title."
Yarborough v. Glacier County (Mont. 1997), ___ P.2d___, 54 St. Rep. 1274, 1275.

Until we amend the Rules of Civil Procedure to provide otherwise, it is my opinion that all pleadings, motions and other documents provided for by those rules are procedurally significant, as are the time frames that govern their filing. That is one of the underlying premises of Rule 11, M.R.Civ.P., if not the entirety of the Rules themselves. Moreover, I do not believe that it is the obligation of this or of any other court in this State to hand-hold those members of the bar who cannot tell the difference between an answer and a brief.

The District Court was absolutely correct in its decision. I would affirm.

/S/   JAMES C. NELSON

Chief Justice J.A. Turnage and Justice Karla M. Gray concur in the foregoing concurrence and dissent.

/S/   J. A.   TURNAGE
/S/   KARLA M. GRAY