DA 13-0802

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 235

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

JUSTINE ELLEN WINTER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC-09-424(B)
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Scott E. Carlson, Carlson Law Office; Kalispell, Montana

        For Appellee:

        Timothy C. Fox, Montana Attorney General; Tammy K Plubell, Assistant
Attorney General; Helena, Montana

        Ed Corrigan, Flathead County Attorney; Lori Adams, Deputy County
Attorney; Kalispell, Montana

Submitted on Briefs:  July 16, 2014
Decided:  September 2, 2014

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1     Justine Ellen Winter (Winter) appeals from the second amended judgment and sentence of the Montana Eleventh Judicial District Court, Flathead County, correcting illegal portions of her sentence for deliberate homicide and specifying the total amount of restitution that Winter must pay.  We affirm.

## ISSUES

¶2     We review the following issues:

*1.  Did the District Court lack the authority to specify in the Second Amended Judgment and Sentence the total amount of restitution?*

*2.  Did the District Court err by recommending parole restrictions?*

*3.  Did the District Court err by basing the length of Winter's sentence on the amount of time it would take her to pay restitution?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3     On February 3, 2011, a jury found Winter guilty of two counts of deliberate homicide, and a sentencing hearing was held on June 6, 2011.  At the sentencing hearing, Winter asked for a separate hearing on the amount of restitution to be paid and for time to brief the issue. The District Court granted this request, and the parties were given until July 1, 2011, to file briefs concerning restitution amounts, with reply briefs due on July 15, 2011.  The District Court also ordered Winter's attorney to submit a proposed order scheduling the restitution hearing.

¶4     The court pronounced an oral sentence at the conclusion of the June 6, 2011 sentencing hearing, and a written judgment and sentence was entered on June 9, 2011 (hereinafter "the 2011 Judgment and Sentence"). It committed Winter to the Department of Corrections for 30 years, with 15 years suspended. It also ordered Winter to pay restitution as a condition of parole. However, the amount of restitution was left to be determined, per Winter's request, pending the parties' briefs and a hearing on the matter.

¶5     On July 1, 2011, the State filed a brief in support of restitution, while Winter filed a motion and brief to dismiss the restitution claims. Reply briefs were filed by both parties on July 15, 2011. Rather than submitting a proposed order to schedule the restitution hearing, Winter filed a notice of appeal on July 22, 2011, from the 2011 Judgment and Sentence. The District Court had not yet scheduled a restitution hearing or specified the amount of restitution to be paid.

¶6     On appeal to this Court, Winter argued, among other things, that the District Court lacked authority to impose a parole eligibility restriction on a sentence committing her to the Department of Corrections. This Court agreed, and we remanded the case to the District Court to correct the illegal portions of the sentence. Order, *State v. Winter*, S. Ct. No. DA 11-0429 (Aug. 27, 2012).

¶7     On remand, the District Court entered an amended judgment and sentence, which was filed on October 3, 2012 (hereinafter "the First Amended Judgment and Sentence"). It again committed Winter to the Department of Corrections for 30 years, with 15 years suspended. The First Amended Judgment and Sentence also recommended conditions of parole and

3

ordered conditions of probation, one of which was payment of restitution. The amount of restitution was left unspecified. Winter did not appeal the First Amended Judgment and Sentence.

¶8 Since the District Court never specified the amount of restitution to be paid, the State filed a motion on January 4, 2013, for a ruling on restitution. In that motion, the State asked that the District Court decide the restitution issues on the briefs and motions submitted during July 2011. On August 9, 2013, the District Court entered an Order and Rationale on Restitution. Winter objected to this order for reasons similar to those raised on this appeal. Over Winter's objection, the District Court entered a second amended judgment and sentence on October 7, 2013 (hereinafter "the Second Amended Judgment and Sentence"), ordering Winter to pay a total of $16,361 in restitution.

**STANDARDS OF REVIEW**

¶9 This Court reviews a sentence that includes at least one year of commitment to the Department of Corrections for legality only. *State v. Brownback*, 2010 MT 96, ¶ 16, 356 Mont. 190, 232 P.3d 385. In conducting such review, we consider whether "the sentencing court had statutory authority to impose the sentence, whether the sentence falls within the parameters set by the applicable statute, and whether the court followed the affirmative mandates of the sentencing statute." *Brownback*, ¶ 16 (quoting *State v. Perkins*, 2009 MT 150, ¶ 8, 350 Mont. 387, 208 P.3d 386).

4

¶10 We review discretionary trial court rulings in criminal cases for abuse of discretion. *State v. Loh*, 275 Mont. 460, 466, 914 P.2d 592, 596 (1996) (citing *State v. Sullivan*, 266 Mont. 313, 324, 880 P.2d 829, 836 (1994)).

**DISCUSSION**

¶11 *1. Did the District Court lack the authority to specify in the Second Amended Judgment and Sentence the total amount of restitution?*

¶12 Winter argues that (a) law of the case doctrine prohibited the District Court from specifying the total amount of restitution in its Second Amended Judgment and Sentence and (b) the State's motion for restitution should have been deemed denied based on M. R. Civ. P. 59 and Unif. Dist. Ct. R. 2. We hold that the District Court had the authority to specify the total amount of restitution.

*(a) Law of the case doctrine*

¶13 Under the law of the case doctrine, a prior Montana Supreme Court decision resolving an issue between the same parties is binding and may not be relitigated. *State v. Wagner*, 2013 MT 47, ¶ 18, 369 Mont. 139, 296 P.3d 1142; *State v. Gilder*, 2001 MT 121, ¶ 9, 305 Mont. 362, 28 P.3d 488. Despite Winter's arguments to the contrary, this Court did not resolve the issue of restitution in Winter's first appeal, and the law of the case doctrine did not ban the District Court from amending its judgment.

¶14 The law of the case doctrine does not prevent parties from litigating issues left unresolved in previous appeals. Rather, "[t]he law of the case binds the parties only on those issues that the court previously has decided." *In re Estate of Snyder*, 2007 MT 146, ¶ 27,

5

337 Mont. 449, 162 P.3d 87; *see Gilder*, ¶ 12 ("where . . . the supreme court . . . states in its opinion a principle or rule of law *necessary to the decision*, such pronouncement becomes the law of the case" (emphasis added)). Our decision in Winter's first appeal determined the legality of the imposed parole eligibility restrictions. As it did not resolve any issues of restitution, it did not establish a law of the case that prevented the District Court from specifying the total amount of restitution to be paid. Accordingly, there is also no law of the case that prevents a decision in this appeal.

¶15     The law of the case doctrine also does not necessarily limit remand proceedings of a district court to the issues discussed in the remand order, as Winter contends. Rather, as we have previously held, "[o]n remand, the trial court may consider or decide any matters left open by the appellate court, and is free to make any order or direction in further progress of the case, not inconsistent with the decision of the appellate court, as to any question not presented or settled by such decision." *Zavarelli v. Might*, 239 Mont. 120, 125-26, 779 P.2d 489, 493 (1989). Following Winter's first appeal, we remanded the case to the District Court "to correct the illegal portions of the sentence." We also stated that "[w]ithin its discretion, the court may restate its parole eligibility restriction and conditions of parole as recommendations." Our order did not, however, settle any question concerning restitution. Thus, the Second Amended Judgment and Sentence's specification of the amount of restitution was not inconsistent with our order.

¶16     Additionally, specifying the amount of restitution was not prohibited by our order in Winter's first appeal to correct the "illegal portions" of the sentence. We have repeatedly

6

held that sentences that order restitution but do not specify the total amount of restitution that the offender shall pay are illegal. In such cases, we have remanded and ordered the district court to correct the illegal sentences by specifying the total amount of restitution to be paid. *See e.g. State v. Ring*, 2014 MT 49, ¶ 36, 374 Mont. 109, 321 P.3d 800; *State v. Johnson*, 2011 MT 286, ¶ 16, 362 Mont. 473, 265 P.3d 638; *State v. Heafner*, 2010 MT 87, ¶¶ 7, 12-13, 356 Mont. 128, 231 P.3d 1087; *Gilbert v. State*, 2002 MT 258, ¶¶ 25-26, 312 Mont. 189, 59 P.3d 24. Nothing in our prior order restricted the District Court's ability to address the amount of restitution left unspecified in the 2011 Judgment and Sentence and the First Amended Judgment and Sentence.

¶17　Furthermore, we do not agree with Winter's argument that the District Court lost its authority to specify the amount of restitution upon Winter's first appeal. Although the District Court was not able to specify the amount of restitution until over two years after restitution was ordered, this delay was the result of Winter's decision to appeal rather than to submit a proposed order scheduling the restitution hearing. Neither party contests that the District Court had the statutory authority to order and to specify the amount of restitution in the 2011 Judgment and Sentence, and the District Court did not lose this authority by virtue of the delay created by Winter. *See State v. Bomar*, 2008 MT 91, ¶ 33, 342 Mont. 281, 182 P.3d 47 ("A party waives the right to appeal an alleged error when the appealing party acquiesced in, actively participated in or did not object to the asserted error."); *State v. Harris*, 1999 MT 115, ¶ 32, 294 Mont. 397, 983 P.2d 881 ("We will not put a district court in error for an action in which the appealing party acquiesced or actively participated.").

7

¶18 For these reasons, the law of the case doctrine did not prohibit the District Court from specifying the total amount of restitution.

*(b) M. R. Civ. P. 59 and Unif. Dist. Ct. R. 2*

¶19 Winter contends that by granting the State's motion for a ruling, the District Court violated the time limits imposed by M. R. Civ. P. 59(e) and 59(f). Rule 59(e) states, in relevant part, that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Similarly, M. R. Civ. P. 59(f) states, in relevant part, that "[i]f the court does not rule on . . . a motion to alter or amend a judgment . . . within 60 days from its filing date, the motion must be deemed denied." However, these rules are inapplicable to the present case. Application of M. R. Civ. P. 59 is limited by M. R. Civ. P. 1 to "*civil* actions and proceedings." As the present case is a criminal proceeding and not a civil one, M. R. Civ. P. 59 is inapplicable.

¶20 However, the Uniform District Court Rules are applicable to this case, and Unif. Dist. Ct. R. 2(b) provides that "[f]ailure to file briefs may subject the motion to summary ruling. The moving party's failure to file a brief shall be deemed an admission that the motion is without merit." Although Rule 2(b) was amended in 2011, the amendment was meant to change the time limits for filing a brief, rather than to otherwise affect the operation of the rule. *See* Order, *In re Revisions to the Uniform District Court Rules*, S. Ct. No. AF 07-0110 (Nov. 29, 2011). For the purposes of this analysis, therefore, there is no need to determine which version of the rule to use or to limit our discussion of precedent to cases decided following amendment of the rule.

8

¶21 We have interpreted Rule 2(b) as "allowing the trial court discretion to either grant or deny an unanswered motion." *Loh*, 275 Mont. at 466, 914 P.2d at 596. Unif. Dist. Ct. R. 2(b) is intended to allow district courts to deal efficiently with ever-increasing case loads, but it neither requires a court to grant nor requires a court to deny an unsupported motion, instead allowing it discretion to do either. *In re Marriage of Lundstrom*, 2007 MT 304, ¶23, 340 Mont. 83, 172 P.3d 588; *State v. Pizzolo*, 283 Mont. 522, 525, 942 P.2d 709, 711 (1997); *Loh*, 275 Mont. at 466, 914 P.2d at 596; *In re Marriage of Grounds*, 256 Mont. 397, 403, 846 P.2d 1034, 1038 (1993). Thus, even if the State failed to file a brief in support of its motion for a ruling on restitution, we will not overturn the District Court's decision to deny summary ruling absent an abuse of discretion. *Loh*, 275 Mont. at 466, 914 P.2d at 596; *Moody v. Northland Royalty Co.*, 286 Mont. 89, 94-95, 951 P.2d 18, 22 (1997); *Marriage of Grounds*, 256 Mont. at 403, 846 P.2d at 1038.

¶22 This Court determined in *Marriage of Grounds* that the district court did not abuse its discretion when it granted a motion that was unsupported by a brief. 256 Mont. at 403, 846 P.2d at 1038. We reasoned that the district court "made its decision based upon further consideration of the record and determined that the original findings of fact and conclusions of law warranted [the motion]." *Marriage of Grounds*, 256 Mont. at 403, 846 P.2d at 1038. Similarly, the District Court in the instant case made its decision to grant the State's motion for a ruling on restitution based on "the Defendant's motion to dismiss and supporting and opposition memoranda, the State's motion for restitution ruling, [and] the affidavits of pecuniary loss and testimony regarding restitution presented at the sentencing hearing."

9

Thus, as in *Marriage of Grounds*, the District Court here based its decision on consideration of the record and, similarly, did not abuse its discretion by granting the State's motion for a ruling on restitution.

¶23　*2. Did the District Court err by recommending parole restrictions?*

¶24　A district court possesses the authority to make non-binding recommendations to the Department of Corrections' Board of Pardons and Parole as part of its judgment. *State v. Champagne*, 2013 MT 190, ¶ 52, 371 Mont. 35, 305 P.3d 61 (2013); *see Heafner*, ¶ 13. Upon finding that the parole restrictions were illegally imposed in Winter's first appeal, we ordered the District Court "to correct the illegal portions of the sentence," and we suggested that "the court may restate its parole eligibility restrictions and conditions of parole as recommendations." The District Court did not exceed its authority by choosing to restate its conditions as recommendations.

¶25　*3. Did the District Court err by basing the length of Winter's sentence on the amount of time it would take her to pay restitution?*

¶26　Winter argues that her sentence was improperly based on the amount of time it would take her to pay restitution. She alleges that the sentence is therefore illegal as a violation of her right to due process under the Montana and Federal Constitutions.

¶27　Although Winter raises this issue for the first time on appeal, this Court may review the issue under *State v. Lenihan*, 184 Mont. 338, 602 P.2d 997 (1979). In *Lenihan*, we decided that an appellate court may "review any sentence imposed in a criminal case, if it is alleged that such sentence is illegal or exceeds statutory mandates, even if no objection is

10

made at the time of sentencing." 184 Mont. at 343, 602 P.2d at 1000. We have held that an allegation, such as the one Winter makes, that a sentence violates constitutional guarantees of due process is a reviewable allegation of illegality. *State v. Haldane*, 2013 MT 32, ¶¶ 39-40, 368 Mont. 396, 300 P.3d 657. Thus, Winter's allegation that her sentence is illegal as a violation of her right to due process is reviewable under *Lenihan*.

¶28 However, Winter's sentence was not based on the amount of time it would take her to pay restitution, and the sentence does not violate her right to due process. Winter cites *State v. Pritchett*, 2000 MT 261, 302 Mont. 1, 11 P.3d 539; and *State v. Farrell*, 207 Mont. 483, 676 P.2d 168 (1984), as cases analogous to her own. In both of these cases, the defendants were sentenced to the maximum allowable term in order to give them the longest time possible to make payments on restitution. *Pritchett*, ¶¶ 3, 26; *Farrell*, 207 Mont. at 494, 676 P.2d at 174. This Court found that in both instances, the constitutional right to due process was violated. *Pritchett*, ¶ 30; *Farrell*, 207 Mont. at 498, 676 P.2d at 176.

¶29 The present case is distinguishable from *Pritchett* and *Farrell*. We have previously found *Pritchett* and *Farrell* to be inapplicable where, as here, the maximum sentence is not imposed on a defendant. *State v. Benoit*, 2002 MT 166, ¶¶ 36-37, 310 Mont. 449, 51 P.3d 495. Furthermore, while the District Courts in *Pritchett* and *Farrell* explicitly indicated a relationship between restitution and sentence length, *Pritchett*, ¶¶ 33-34, *Farrell*, 207 Mont. at 494, 676 P.2d at 174, the District Court in the present case considered many factors when crafting a sentence. These included the Defendant's age and mental and emotional condition; the degree of harm caused by the defendant's action; opportunity for the

11

defendant's rehabilitation and reintegration into society; and the Pre-Sentence Investigation Report. While the District Court did indicate that it expected the Defendant "to meet the financial obligations imposed by the court," it did not make these financial obligations the basis of the sentence imposed.

¶30 Thus, we hold that the District Court did not base the length of Winter's sentence on the amount of time it would take her to pay restitution, and that it did not violate Winter's constitutional right to due process.

## CONCLUSION

¶31 We hold that the District Court had the authority to specify in its Second Amended Judgment and Sentence the total amount of restitution; that the District Court did not err by recommending parole restrictions; and that the District Court did not base the length of Winter's sentence on the amount of time it would take her to pay restitution. Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JIM RICE