

DA 22-0632

FILED

02/03/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0632

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2026 MT 14

STATE OF MONTANA,

        Plaintiff and Appellee,

v.

LORENZO JAMES HARRIS,

        Defendant and Appellant.

FILED

FEB 03 2026

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DC 21-0533
Honorable Michael G. Moses, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Melinda A. Driscoll, Plath Kemmick Law, LLC, Billings, Montana

        For Appellee:

        Austin Knudsen, Montana Attorney General, Christine Hutchison, Assistant Attorney General, Helena, Montana

        Scott Twito, Yellowstone County Attorney, Billings, Montana

                Submitted on Briefs:  November 13, 2025

                          Decided:  February 3, 2026

Filed:

                         _____
                                  Clerk

Justice Katherine Bidegaray delivered the Opinion of the Court.

¶1    Lorenzo Harris appeals his conviction for deliberate homicide following a six-day bench trial in the Thirteenth Judicial District Court, Yellowstone County. Harris does not challenge his conviction for tampering with witnesses and informants. He challenges the deliberate homicide conviction, arguing that due process required the District Court, sitting as factfinder, to consider mitigated deliberate homicide before convicting him of deliberate homicide.

¶2    We address the following restated issue:

*Whether Harris has shown plain error based on the District Court's failure to consider mitigated deliberate homicide sua sponte in a bench trial.*

We affirm. Harris did not preserve his claims in the form he now advances. He did not ask the District Court to consider mitigated deliberate homicide at trial and instead pursued a theory that, if believed, would have required acquittal of both deliberate and mitigated homicide. Because Harris failed to preserve these claims and has not met his burden for plain error review, we decline to review them.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    The State charged Harris with deliberate homicide, § 45-5-102(1)(a), MCA, enhanced for use of a weapon, § 46-18-221, MCA, and with tampering with witnesses and informants, § 45-7-206(1)(a), MCA. In charging deliberate homicide, the State alleged that Harris "purposely or knowingly caused the death of another human being," James Williams, by shooting him "with a firearm." Harris knowingly and voluntarily waived his right to a jury trial, and the case proceeded to a bench trial.

2

¶4 At trial, Harris' sole theory was that he was not the shooter. He presented no argument and requested no findings regarding mitigated deliberate homicide, extreme emotional stress, or any other lesser-included offense. Following trial, the District Court entered extensive findings of fact and conclusions of law. Relying on testimony placing Harris in a physical fight with Williams immediately before the shooting, video evidence showing Harris outside seconds after the gunshot, evidence that Harris removed a blood-covered jacket and fled the scene, and testimony that Harris later admitted he intended to shoot Williams in the face, the District Court found Harris guilty of deliberate homicide with a weapon enhancement. The court also found Harris guilty of tampering with witnesses and informants, but Harris does not appeal that conviction.

¶5 Harris first asserted a mitigation theory at sentencing and now raises it for the first time on appeal.

## STANDARD OF REVIEW

¶6 This Court ordinarily will not review issues raised for the first time on appeal. *State v. Abel*, 2021 MT 293, ¶ 4, 406 Mont. 250, 498 P.3d 199. We exercise plain error review only when the appellant affirmatively demonstrates (1) a plain or obvious error, (2) that affected a fundamental constitutional right, and (3) that seriously affected the fairness or integrity of the proceedings. *Abel*, ¶ 4; *State v. Taylor*, 2010 MT 94, ¶ 17, 356 Mont. 167, 231 P.3d 79.

## DISCUSSION

¶7 *Whether Harris has shown plain error based on the District Court's failure to consider mitigated deliberate homicide sua sponte in a bench trial.*

¶8 Harris did not preserve his due process claim. He did not request that the District Court consider mitigated deliberate homicide, did not present evidence directed to extreme mental or emotional stress, and affirmatively pursued a theory that he did not commit the homicide. Under these circumstances, Harris asks this Court to invoke plain error review. Harris bears the burden of establishing all three elements of plain error review. *Abel*, ¶ 4. He has not done so.

¶9 First, Harris has not shown a plain or obvious error. No Montana statute or decision requires a trial court sitting as factfinder to consider mitigated deliberate homicide sua sponte when the defendant does not request such consideration. We have held that a trial court may, but is not required to, convict a defendant of a lesser-included offense in a bench trial. *State v. Black*, 270 Mont. 329, 891 P.2d 1162 (1995). That permissive authority does not create a mandatory duty.

¶10 Second, Harris has not shown that the alleged error affected a fundamental constitutional right. This Court has held that a trial court's failure to give an unrequested lesser-included instruction does not violate due process, even when the evidence would support such an instruction. *State v. Sheppard*, 253 Mont. 118, 832 P.2d 370 (1992). Harris has not identified any authority imposing a greater obligation on a judge in a bench trial than on a jury instructed by the court.

4

¶11 Third, Harris has not shown that declining review would compromise the fairness or integrity of the proceedings. Harris made a deliberate strategic choice at trial. He pursued a theory of complete innocence and withheld any mitigation theory because it required admitting that he fired the fatal shot. A defendant may not invite a course of action at trial and then assign error to the result on appeal. *State v. Winter*, 2014 MT 235, ¶ 17, 376 Mont. 284, 333 P.3d 222.

## CONCLUSION

¶12 Harris failed to preserve his claims and has not demonstrated plain error. Affirmed.

/s/ Katherine M Bidegaray
Justice

We Concur:

/s/ Chief Justice

/s/

/s/

/s/
Justices