No. 00-435

IN THE SUPREME COURT OF THE STATE OF MONTANA

2002 MT 105N

RUSSELL ARNOLD, OF KILPATRICK

        Plaintiff/Appellant,

    v.

JOANNE BRIESE, TRUSTEE FOR
PNC/SEARS INC., AND BANK UNITED,
AND INMC MORTGAGE HOLDINGS, INC.
AND SECURITY MORTGAGE BROKERS, LLC

        Defendant/Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                  In and for the County of Flathead,
                  The Honorable Ted O. Lympus, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Scott C. Wurster, Whitefish, Montana

        For Respondents:

                Richard DeJana,, Richard DeJana & Associates, Kalispell, Montana

Submitted on Briefs: July 19, 2001

Decided:  May 16, 2002

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2     This is an appeal from two orders entered against Russell Arnold, of Kilpatrick (A.K.A., Russell Arnold Kilpatrick) (Kilpatrick) in the Eleventh District Court, Flathead County.  The first order was a judgment on the pleadings, dismissing Kilpatrick's *pro se* petition that sought to enjoin Joanne Briese (Briese), a successor trustee, from commencing a non-judicial foreclosure on Kilpatrick's trust indenture.  The second order was a default judgment entered on Briese's counterclaim, declaring Kilpatrick's construction lien was null and void.  We affirm.

¶3     We restate the issues as follows:

       1.  Whether the District Court erred in granting Briese's motion for judgment on the pleadings;

       2.  Whether the District Court erred when it authorized the clerk of court to enter default on Briese's counterclaim and when it entered default judgment; and

       3.  Whether Kilpatrick was denied his right of access to the courts when the clerk refused to accept his filing.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4 Kilpatrick owns and operates the Great Bear Adventure Park (Bear Park) near West Glacier, Montana. As a result of two earlier legal actions, in 1995, Kilpatrick acquired a tract of land from his brother-in-law by quitclaim deed. On October 8, 1997, Kilpatrick borrowed $ 159,000.00 from Security Mortgage Bankers and pledged the tract, which is part of the Bear Park, as security pursuant to a deed of trust. This trust indenture was later sold on the secondary market, and eventually assigned to PNC/SEARS, INC. (Sears).

¶5 Kilpatrick claimed portions of the security loan financed labor and materials for improvements to the Bear Park. On August 16, 1999, acting *pro se*, Kilpatrick filed a construction lien under § 71-3-523, MCA, claiming that payments for materials and services used to improve the facility were made pursuant to a real estate improvement contract. Kilpatrick contended his construction lien took priority in foreclosure over the trust indenture held by Sears.

¶6 Kilpatrick failed to pay the required monthly installments on the trust indenture from February of 1998 to April of 1999, and Sears elected to sell the property to satisfy the obligation. It therefore directed Briese, the successor trustee, to commence sale proceedings. The sale was scheduled for September 2, 1999, but later changed to September 16, 1999. On August 30, 1999, in response to Briese's notice of trustee sale, Kilpatrick, acting *pro se*, filed a Petition to Enjoin Foreclosure Sale.

¶7 Briese filed an Answer to the petition on September 14, 1999, arguing that she may properly foreclose on the property in her capacity as trustee, and that Kilpatrick's petition failed to state a claim on which relief could be granted. Briese filed copies of the following

3

documents with the answer: the 1995 quitclaim deed, conveying the tract of land to Russ Kilpatrick; the deed of trust, which was signed by Russell A. Kilpatrick; and the notice of trustee's sale, dated April 20, 1999. The notice of trustee's sale indicated that the trust indenture was assigned to Sears on February 3, 1999, and the assignment was recorded in Flathead County on February 17, 1999. According to the notice, Briese was named successor trustee on March 12, 1999, and the documentation was recorded April 20, 1999, in Flathead County.

¶8 On September 16, 1999, Kilpatrick, acting *pro se*, and without leave of court, attempted to file an Amended Verified Petition with the court. However, the clerk informed Kilpatrick that Briese had already responded to the original petition, and therefore she would not accept the filing because there was no accompanying motion, brief, or proposed order.

¶9 Also on September 16, 1999, Kilpatrick filed a Motion and Memorandum in Support of the Issuance of a Temporary Restraining Order and Order to Show Cause Staying Trustee's Sale. In this motion, Kilpatrick incorporated by reference his proposed amended petition, and asked the clerk that it be attached as an exhibit. The clerk refused to attach the document, but did present the District Court with Kilpatrick's motion for a temporary restraining order. The court declined to act on the *pro se* motion, and instructed the clerk not to accept any future filings from Kilpatrick without a court order. Kilpatrick claims that the clerk's refusal to accept his filing deprived him of his fundamental right of access to the court. The trustee's sale was postponed and later rescheduled for March 22, 2000.

4

¶10     Briese filed a Motion for Judgment on the Pleadings on September 17, 1999. She argued Kilpatrick failed to plead any reason to set aside the sale and accordingly failed to state a cause of action. Briese provided that the judgment sought should only relate to Kilpatrick's petition, and not her counterclaim which she simultaneously filed with her motion for judgment on the pleadings. In her Amended Answer and Counterclaim, Briese set forth the same defenses as the motion for judgment, but added a counterclaim that Kilpatrick's "construction lien" was an invalid attempt to defraud the lenders and slander their title, since Kilpatrick could not enter into a construction contract with himself to establish the construction lien.

¶11     Kilpatrick retained legal representation and his counsel filed a Notice of Appearance on October 15, 1999. On October 13, 1999, however, the District Court entered its Judgment on the Pleadings as to Kilpatrick's original petition. Having reviewed Kilpatrick's petition and Briese's answer, the court concluded Kilpatrick failed to state a claim upon which Kilpatrick "could prevail under any circumstances." The court did not address Briese's counterclaim concerning the validity of Kilpatrick's construction lien, and dismissed Kilpatrick's petition with prejudice.

¶12     On January 3, 2000, Briese filed a Notice of Intent to Take Default on her counterclaim, should Kilpatrick fail to file a reply by January 17, 2000. On January 18, 2000, Kilpatrick filed a Motion to Dismiss Counterclaim, arguing Sears was not lawfully incorporated in any state, and thus lacked capacity to sue or be sued, and could not contract to purchase or sell Kilpatrick's trust indenture. Kilpatrick also noted that on October 18,

5

1999, Sears assigned its interest in the trust indenture to First Bank National Association, and thus was no longer a real party in interest. As of January 18, 2000, Briese had not taken default on her counterclaim.

¶13 Briese filed a Response to the Motion to Dismiss on January 24, 2000, arguing that Kilpatrick's motion was directed at Sears, which had not filed the counterclaim, and had not appeared or been served in this action. Briese maintained that as trustee, she continued to be a party in interest, and as holder of legal title, she was entitled to challenge a lien on the property. Briese simultaneously filed a Motion to Strike Kilpatrick's motion to dismiss the counterclaim. Briese argued that Kilpatrick had yet to reply to her counterclaim, noting again that Kilpatrick's motion to dismiss was directed to a non-existent counterclaim by Sears. Also on January 24, 2000, Briese filed a Request for Entry of Default, arguing Kilpatrick failed to appear and answer her counterclaim.

¶14 On January 27, 2000, the District Court entered an Order authorizing the clerk of court to enter the default sought by Briese. The court found Kilpatrick's motion to dismiss was directed to a non-existent counterclaim, and thus Kilpatrick had failed to respond to Briese's counterclaim. The clerk of court entered Kilpatrick's default on the counterclaim on February 10, 2000.

¶15 Briese filed a Motion for Entry of Judgment on February 15, 2000, alleging that following the entry of default, the averments in the counterclaim were deemed admitted. Accordingly, Briese argued that when Kilpatrick, while acting as purported owner, filed a construction lien upon the property listed as security in the deed of trust, he created an

6

invalid lien since a real estate improvement contract cannot exist between Kilpatrick and himself. Significantly, on page three of the motion, Briese included a notice of hearing, indicating the matter would be heard on February 22, 2000. There was no notice of hearing included in the caption. Kilpatrick argues that neither he, nor his counsel, saw the notice and consequently did not attend the hearing on the 22nd.

¶16 On February 22, 2000, the District Court entered judgment in favor of Briese and ordered that the construction lien filed by Kilpatrick be declared null and void. Kilpatrick's appeal followed.

## STANDARD OF REVIEW

¶17 A motion for judgment on the pleadings is decided as a matter of law, thus we apply our standard of review for conclusions of law and determine whether the decision was correct. *Hedges v. Woodhouse*, 2000 MT 220, ¶ 8, 301 Mont. 180, ¶ 8, 8 P.3d 109, ¶ 8 (citing *Steer, Inc. v. Department of Revenue* (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603). *See also*, *Carbon County v. Union Reserve Coal Co., Inc.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686 (standard of review for questions of law is whether the district court's interpretation of the law is correct).

## DISCUSSION

### Issue 1

¶18 Did the District Court err in granting Briese's motion for judgment on the pleadings?

¶19 A movant for judgment on the pleadings pursuant to Rule 12(c), M.R.Civ.P., must establish that no material issue of fact remains and that she is entitled to judgment as a matter

7

of law. *Hedges*, ¶ 8 (citation omitted). The pleadings are to be construed in the light most favorable to the nonmoving party, whose allegations are taken as true. *Hedges*, ¶ 8 (citation omitted).

¶20 Rule 7(a) M.R.Civ.P., closes the pleadings upon the filing of an answer if no counterclaim or cross claim is included in the answer, and if a reply to an answer is not specifically ordered by the court. Therefore, in making its judgment on the pleadings, the District Court considered only Kilpatrick's original petition and Briese's answer.

¶21 In his petition, most of Kilpatrick's claims were indecipherable and not based on recognized legal principles. However, in construing the petition in the light most favorable to Kilpatrick, the non-moving party, and in consideration of his *pro se* status, we examine his petition for any legal argument that would prevent foreclosure by Briese. Kilpatrick alleged that Briese's trustee sale amounted to a fraudulent proceeding, but he failed to plead the elements of fraud with particularity as required by Rule 9(b), M.R.Civ.P. Kilpatrick also asserted there was no contractual relationship between Sears and himself, and accordingly challenged Sears' right to foreclose on the trust indenture.

¶22 In her motion for judgment on the pleadings, Briese contended Kilpatrick failed to plead any reason to set aside the sale, and that his allegations of fraud were not plead with particularity. Briese also asserted that the documents necessary to support her right to sell the property were plead; the deed of trust, the notice of trustee's sale, and the quitclaim deed conveying the property to Kilpatrick.

8

¶23 The deed of trust pledged the tract of land conveyed to Russ Kilpatrick as security and was signed by Russell Kilpatrick. The deed of trust allowed for sale or assignment of the trust indenture as well as the appointment of a successor trustee to act on behalf of the beneficiary. According to the deed of trust, the successor trustee succeeds to all the title, power, and duties conferred upon the trustee. The notice of sale filed by Briese indicated that Security Mortgage Bankers' beneficial interest was assigned to Sears and the assignment was duly recorded in Flathead County. The notice further indicated Briese was named as successor trustee, and that documentation was also recorded in Flathead County.

¶24 Although the District Court did not have copies of the recorded assignment documents before it, the notice of sale provided the recorder's fee numbers for reference. We note the better practice would be to file copies of the recorded documents. However, in light of the subsequent filings, which verified Sears' interest in the trust indenture, we conclude the District Court reached the correct result in determining that a valid assignment existed and in dismissing Kilpatrick's petition. Quite simply, Kilpatrick failed to raise any cognizable legal claims or defenses to the foreclosure proceedings.

¶25 We conclude the District Court did not error when it found Kilpatrick's petition failed to state a claim for relief upon which Kilpatrick could prevail. Accordingly, we affirm the District Court's judgment on the pleadings.

**Issue Two**

¶26 Did the District Court err when it authorized the clerk of court to enter default on Briese's counterclaim and when it entered default judgment?

9

¶27    Kilpatrick appeals the default judgment entered by the District Court, which declared Kilpatrick's construction lien null and void, arguing that the court erred when it authorized the clerk to enter default against Kilpatrick.  Kilpatrick also asserts that he was not afforded proper notice of the hearing on February 22, 2000.  Kilpatrick did not seek to set aside the court's entry of default, but rather appealed the judgment itself, challenging the court's decision to enter default.  Briese argues that Kilpatrick will remain in default until he seeks to have the default lifted.

¶28    Kilpatrick claims the court was prevented from entering default once he filed his motion to dismiss Briese's counterclaim.  Kilpatrick directed his motion to dismiss to "the Counter-Claim filed in this action by PNC/Sears, Inc.," wherein he argued that Sears lacked capacity to maintain the action.  Kilpatrick also asserts that since Sears assigned its rights to the trust indenture on October 18, 1999, it no longer was a party to the action.

¶29    Briese responds by noting Kilpatrick's motion referenced a counterclaim filed by Sears, not Briese, and pointed out that Sears had never been served or appeared in this action.  Moreover, Briese notes that Kilpatrick did not address the counterclaim set forth by Briese, which contended Kilpatrick's construction lien was void.  In granting default, the District Court noted that Kilpatrick failed to respond to Briese's counterclaim, and although he filed a motion to dismiss, Kilpatrick directed the motion to a non-existent counterclaim.

¶30    Kilpatrick asserted Sears did not have capacity to maintain foreclosure, however, he did not challenge Briese's capacity as successor trustee.  Although the record demonstrates confusing and unclear pleadings by both parties, it is clear that Briese began this foreclosure

action as a successor trustee for Sears who had acquired the benefits of the trust indenture in February of 1999. Sears then assigned those rights to First Bank National Association, who continued to maintain Briese as acting trustee. Considering Sears had assigned its rights, as recognized by Kilpatrick in his motion to dismiss, Kilpatrick's lengthy argument concerning Sears' capacity in this matter is irrelevant.

¶31 Consistent throughout these proceedings is the fact that Kilpatrick attempted to thwart foreclosure on his property by filing a construction lien that was invalid from its inception. At no time in these proceedings has Kilpatrick offered any substantive response or defense to Briese's counterclaim that his construction lien is void.

¶32 The construction lien Kilpatrick filed identified "Russ Kilpatrick, of P.O. Box 190611, Hungry Horse, Montana, 59919," as the contracting owner (i.e., the person who owns an interest in the property and who contracted for the improvements on the real estate, § 71-3-522(4)(a), MCA). The construction lien was claimed by "Russell Arnold Kilpatrick, c/o General Delivery, Location: Coram, Montana state, Near [59913]."

¶33 An enforceable construction lien "against real estate in favor of a person furnishing services or materials," must be based on a real estate improvement contract. Section 71-3-521, MCA. A real estate improvement contract is an agreement to perform services or furnish materials "for the purpose of changing the physical condition of real estate." Section 71-3-522(5)(a), MCA. Essential to a contract are "identifiable parties capable of contracting" and "their consent." Sections 28-2-102(1) and (2), MCA (emphasis added). Clearly, a contract requires at least two parties.

11

¶34     We conclude the District Court did not err when it declared Kilpatrick's construction lien was null and void. Kilpatrick cannot contract with himself. Obviously Kilpatrick's filing of the construction lien, less than a month before the scheduled foreclosure, was an attempt to forestall the inevitable foreclosure of the property. A trustee is granted a power of sale to exercise after a breach of the obligation for which the real property is security. Section 71-1-304(2), MCA. Kilpatrick's failure to pay on the trust indenture, entitles Briese, as successor trustee, to foreclose on the property set out as security for the trust indenture.

¶35     Contrary to Kilpatrick's assertions, when granting default judgment, the District Court reached the merits of Briese's counterclaim when it found the construction lien was void; the court did not summarily grant default based solely on Kilpatrick's failure to appear on Briese's counterclaim. The District Court recognized that Kilpatrick failed to assert any meritorious legal justification to prevent foreclosure of his property and appropriately entered default against him.

¶36     Kilpatrick further argues he was not afforded proper notice of the February 22, 2000 hearing. Briese included notice of the hearing on the third page of her motion for entry of judgment. Prior to that motion, Kilpatrick was served with Briese's request for entry of default and the order of default. Although the adequacy of notice was questionable under *Moody v. Northland Royalty Co.* (1997), 286 Mont. 89, 95-96, 951 P.2d 18, 22, Kilpatrick's failure to raise any valid defense to Briese's counterclaim, ultimately renders this procedural question moot. We emphasize that the better practice would be to put the notice in the caption.

12

¶37    Accordingly, we conclude the District Court did not err in authorizing the clerk to enter default against Kilpatrick, and did not err in entering judgment in favor of Briese, declaring Kilpatrick's construction lien, null and void.

**Issue 3**

¶38    Was Kilpatrick denied his right of access to the courts when the clerk refused to accept his filing?

¶39    Kilpatrick contends that the clerk's refusal to accept his amended petition for filing and refusal to attach the amended petition as an exhibit to his motion for temporary restraining order, denied him access to the courts.  Further, Kilpatrick notes that three days after the clerk refused to accept this  amended petition, the clerk accepted Briese's amended answer and counterclaim, without accompanying motion or brief, and without leave of court.

¶40    Rule 15(a), M.R.Civ.P., allows a party to amend its pleading once as a matter of course at any time before a responsive pleading is served; otherwise, leave of court or the opposing party's consent is required.  At the time Kilpatrick attempted to file his amended petition, Briese had filed her answer, and thus Kilpatrick was required to seek leave of court to file an amended pleading.  Kilpatrick argues it was unfair to allow Briese to file an amended answer, when he was denied a similar filing.  However, Rule 15(a), M.R.Civ.P., allows a party to amend a pleading, to which no responsive pleading is permitted, if amended within twenty days after it is served.  Briese filed her answer on September 14, 1999 and filed her amended answer and counterclaim September 17, 1999, within the twenty-day requirement.

13

¶41    In addition, Kilpatrick asserts that Eleventh District Court Local Rule 8(b) "apparently allows a Deputy Clerk of Court to unilaterally refuse to accept *pro se* filings, to determine whether parties may even *file* documents, [and] to refuse to *lodge* documents . . . " (emphasis in original).  In response to Kilpatrick's argument, Briese contends Kilpatrick distorts the rule.

¶42    Local Rule 8(b) deals with filings and specifies that when seeking to amend a pleading, the movant shall file a motion for leave to file with the clerk.  When Kilpatrick attempted to file his amended petition, he did not include a motion for leave to file.  The discretion exercised by the clerk appears to conform to the local rule.

¶43    However, we observed a handwritten notation concerning the refusal to accept Kilpatrick's filing in the District Court file.  The note, presumably written by the deputy clerk, is affixed to a copy of a letter Briese's counsel sent to Kilpatrick trying to explain why his filing was refused.  The clerk's note was gratuitous and inappropriate.  Although the record is unclear as to exactly what transpired between the clerk and Kilpatrick when he tried to make his filing, we emphasize that, absent a court order, the practice of unilaterally denying *pro se* petitioners the right to file papers, or any other actions by a clerk that frustrate a person's attempt to access the courts, is unacceptable.  However, we nonetheless reach our conclusions based on the fact Kilpatrick had no claim upon which relief can be granted.

¶44    Accordingly, we affirm the District Court's entry of judgment on the pleadings, its authorization for entry of default and its order declaring Kilpatrick's construction lien null and void.

/S/ PATRICIA COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler concurring and dissenting.

¶45 I concur with the majority's conclusions that the complaint filed by Russell Arnold of Kilpatrick failed to state a claim for which relief could be granted and that his amended complaint was properly rejected by the clerk of court because it was submitted without leave of court after a responsive pleading had been filed, in violation of Rule 15(a), M.R.Civ.P.

¶46 I dissent from the majority's conclusions that default was properly entered against the Plaintiff, the Plaintiff had adequate notice of the default judgment hearing, and that the District Court had any basis for deciding this case on its merits.

¶47 Rule 55(a), M.R.Civ.P., provides that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.

¶48 Here, the Plaintiff did appear and defend by way of motion to dismiss prior to the clerk's entry of default against him. On January 18, 2000, he filed a motion to dismiss counterclaim and brief in support. The clerk's order of default was not entered until February

15

10, 2000, well after Kilpatrick had defended against the counterclaim and before the District Court decided his motion to dismiss.

¶49 The majority ignores Kilpatrick's motion to dismiss because it referred to the counterclaim of PNC/Sears, Inc., rather than the counterclaim of Joanne Briese, Sears' trustee. However, the distinction is merely technical. Briese's only authority to act in this action was on behalf of Sears and by challenging Sears' capacity to bring an action, Kilpatrick indirectly challenged Briese's authority to act on its behalf. The majority thinks it is significant that Kilpatrick did not challenge Briese's capacity as a successor trustee. However, it did not matter that Briese had the capacity to act as Sears' trustee if Sears did not have the capacity to bring a lawsuit.

¶50 Whatever the significance of these semantic distinctions, they at most go to the merits of Kilpatrick's motion. If the motion had no merit as concluded by the majority, then it was the District Court's obligation to deny the motion and according to local rule and practice, notify Kilpatrick of the need to respond to the merits of Briese's counterclaim. The fact that his motion may not have had merit was certainly no basis for entering default against him.

¶51 The majority also errs by concluding that the District Court decided the merits of Briese's counterclaim and then affirming based on its conclusion that the merits were correctly decided. There is absolutely no basis in the record for deciding the merits of Briese's counterclaim and the District Court did not do so. There was no motion for summary judgment before the District Court. There was only Briese's motion for default

18

judgment. The entirety of the District Court's order granting that motion (which was prepared by Briese's counsel) is as follows:

> The Defendant Joanne Briese, by and through her counsel, having secured a judgment previously on the Plaintiff's claim and no [sic] coming before the court seeking after the Plaintiff's default a judgment on her counterclaim and the court having considered the same,
>
> IT IS HEREBY ORDERED THAT:
>
> 1. The construction lien recorded as document # 199922813450, records of Flathead County, Montana and the UCC which appears as document 199922814550 with lien number 63808, Flathead County are hereby declared null and void.
>
> 2. Judgment is hereby entered for Joanne M. Briese, a/k/a/ JOANNE M. BRIESE, a/k/a Joanne Briese TRUSTEE FOR SEARS/PNC on all counts and she is awarded her costs and disbursements as incurred herein.
> Dated this 22nd day of February, 2000.
>
> Ted O. Lympus
> District Judge

¶52 In spite of the misspelling and incorrect grammar in the first paragraph of the District Court's order, it is clear that it is based entirely on the default judgment previously entered on the Plaintiff's claim and his failure to appear at the subsequent hearing for default judgment.

¶53 It was impossible for the District Court to have decided the merits of Briese's counterclaim based on the procedural posture in which the case existed and it is equally impossible for the majority to affirm the District Court's default judgment based on the merits of the counterclaim. Briese filed her counterclaim, Kilpatrick moved to dismiss based on Sears' lack of capacity to sue and Briese moved for default judgment. There was no argument regarding the merits of the counterclaim nor any testimony submitted to the District

19

Judge on which the merits could be decided. The majority opinion is nothing less than adoption of the arguments made by Briese's attorney on appeal. However, they are unsupported by the record. Although both parties have attached a bunch of documents to their pleadings, at this stage of the proceedings there is no record of admissible evidence upon which to base any decision on the merits.

¶54    Furthermore, the District Court's default judgment was entered as a result of Kilpatrick's failure to appear at the hearing scheduled for February 22, 2000, to consider Briese's motion for entry of default judgment. However, based on our prior decisions, Kilpatrick did not receive notice of the hearing and, therefore, default could not be entered against him, as the District Court did, for failure to appear at the hearing.

¶55    In *Moody v. Northland Royalty Co.* (1997), 286 Mont. 89, 96, 951 P.2d 18, 22, we held that:

> [T]his court requires that those documents which have procedural significance beyond the merits of their content to be correctly labeled before the recipient can be held to have defaulted for failure to file a timely response. Otherwise, the party filing the misleading document, whether inadvertently or intentionally, would benefit from his or her own error.

¶56    A notice of hearing obviously has procedural significance and the document in which Kilpatrick was given notice was not labeled to indicate that it included a notice. He was, therefore, misled and it is understandable that he did not show up at the hearing during which the District Court decided to enter default judgment against him. The fact that the District Court based default judgment on his failure to appear rather than the merits of the

20

counterclaim is evident from the minute entry made on the date set for hearing. It was as follows:

> This being the time set for Judgment in the above entitled matter. Richard DeJana is present on behalf of the Defendant and there is no appearance by or on behalf of the Plaintiff, and her default is entered. The Default Judgment is hereby GRANTED. . . .

¶57 The procedural significance of notice is evident from Rule 55(b)(2), M.R.Civ.P., which provides in relevant part that:

> By the court. In all other cases, the party entitled to a judgment by default shall apply to the court therefor;... If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application . . . .

¶58 Because notice is linked to the date of the hearing, it is a necessary inference that notice of the hearing is required. Here, none was given consistent with our previous decision in *Moody* and for that reason alone the default judgment against Kilpatrick should be set aside.

¶59 The majority dismisses Briese's critical failure to provide notice with the following cavalier observation:

> Although the adequacy of notice was questionable under *Moody v. Northland Royalty Co.* (1997), 286 Mont. 89, 95-96, 951 P.2d 18, 22, Kilpatrick's failure to raise any valid defense to Briese's counterclaim, ultimately renders this procedural question moot. We emphasize that the better practice would be to put the notice in the caption.

¶60 First of all, Briese's failure to give notice was not merely questionable, it rendered the whole default judgment proceeding invalid.

21

¶61    Second, Kilpatrick had no obligation to raise valid defenses to the counterclaim at the procedural point where the case was decided. Kilpatrick made a motion to dismiss on a technical basis, which he was completely entitled to do. If his motion was without merit, it should have been decided for that reason. Following resolution of his motion to dismiss, he then had an obligation to respond to the merits of Briese's counterclaim. However, he was never given an opportunity to do so. Therefore, his failure to do so can hardly be used as the basis for the District Court's default judgment against him.

¶62    Finally, the majority correctly concludes that it is inappropriate for a clerk of court to refuse documents submitted by a pro se litigant absent a written order from a district judge permitting he or she to do so. I agree. However, the clerk of court's apparent *sua sponte* refusal to accept documents from Kilpatrick in this case is completely consistent with the bizarre procedural history in this case. This case could not have been concluded as it was based on those matters of record. There is no logic, procedural consistency nor legal basis for anything that happened in this case. While it is true that Kilpatrick acted pro se and that his claims may have been without merit, he had a right to have his claims decided on that basis. The same rules that protect meritorious claims must be applied to those deemed without merit if the integrity of the civil justice system is to be preserved. Here, Kilpatrick received bad treatment which violates the rules of our procedure and the judgment against him should be reversed.

¶63    For these reasons, I dissent from the majority opinion.

/S/ TERRY N. TRIEWEILER


Justice Jim Rice joins in the foregoing concurrence and dissent.


/S/ JIM RICE